[No. E014979. Fourth Dist., Div. Two. Aug. 13, 1996.]

EDWARD GILLIAM, Plaintiff and Appellant, v.
MORENO VALLEY UNIFIED SCHOOL DISTRICT et al., Defendants
and Respondents.

## COUNSEL

Gronemeier & Barker and Dale L. Gronemeier for Plaintiff and Appellant.

O'Melveny & Myers, Framroze M. Virjee, Mia E. Montpas and Allison M. Rose for Defendants and Respondents.

## OPINION

**RICHLI, J.**—Plaintiff and appellant Edward Gilliam appeals after the trial court denied his petition for writ of mandate (Code Civ. Proc., § 1085), seeking reinstatement as principal of Canyon Springs High School, a school administered by defendant and respondent Moreno Valley Unified School District (District). We affirm.

### FACTS

Plaintiff was hired as principal of Canyon Springs High School for the 1993-1994 academic year. This was plaintiff's first employment by the District. He was therefore a probationary employee.

On March 11, 1994, the school board sent a letter to plaintiff notifying him that it had determined not to reelect him for the 1994-1995 school year.

Thus, plaintiff's employment would be terminated at the end of the 1993-1994 academic year.

In a separate letter, dated March 16, 1994, the District notified plaintiff that his assignment was transferred from principal of Canyon Springs High School "to the new assignment of Principal on Assignment." The new assignment was to be effective as of March 16, 1994.

Plaintiff immediately reported to the District that he was sick. A letter from his doctor stated that plaintiff was disabled and would be unable to return to work until July 3, 1994; the District's employment year ended June 30, 1994. Thus, plaintiff never reported to work at his new assignment.

Plaintiff filed a petition for writ of mandate, contending that he did not receive proper notice of his nonreelection or of his transferred assignment, pursuant to Education Code section 44951. The District argued that Education Code section 44951 applied to reassignment of a certificated employee from a particular administrative position to another administrative classification or to a classroom assignment, and that it did not apply to a notice of nonreelection (termination of employment) or reassignment in the same administrative classification. The trial court agreed that Education Code section 44951 was inapplicable, and that other provisions governed the actions affecting plaintiff.

Plaintiff now appeals.

## DISCUSSION

■ A study of the record and the relevant statutory provisions convinces us of the correctness of the trial court's determination. We cannot much improve upon the trial court's statement of its reasons, as set forth below:

"[The District] properly noticed [plaintiff's] non-reelection pursuant to California Education Code [section] 44929.21. The parties agree that [plaintiff] was a probationary employee. Under . . . [section] 44929.21, a school district must give notice of non-reelection [i.e., termination] to a probationary employee holding a position requiring certification qualifications on or before March 15 of the employee's second year. On March 11, 1994, [the District] provided [plaintiff] with notice of non-reelection pursuant to . . . [section] 44929.21. The [District's] notice of non-reelection was timely and provided [plaintiff] with the appropriate notice of his non-reelection . . . .

". . . Education Code [section] 44951 does not apply to [plaintiff's] non-reelection. The purpose of [s]ection 44951 is to provide a certificated

employee who holds an administrative position with notice that he or she is to be released from his or her administrative position for the following year. The main purpose behind the enactment of [s]ection 44951 is to afford affected administrative employees adequate notice of a possible reassignment and sufficient time to permit such employees to seek other satisfactory, and, presumably, administrative employment prior to the beginning of the next school year. [(*Ellerbroek* v. *Saddleback Valley Unified School Dist.*, 125 Cal.App.3d 348, 369 (1981) [177 Cal.Rptr. 910])]. This notion makes sense given the at-will nature of administrative positions such as a school principal.[1] [(*Hoyme* v. *Board of Education*, 107 Cal.App.3d 449, 452-54 (1980) [165 Cal.Rptr. 737].)]

". . . Pursuant to . . . [Education Code section] 35035, [the District] appropriately transferred [plaintiff] from a [p]rincipal position at Canyon Springs High School to a [p]rincipal-on-[a]ssignment position. This was not a reassignment or demotion and . . . [Education Code section] 44951 does not apply to the transfer of [plaintiff]. The [d]eclaration of [District] Superintendent Robert C. Lee supports and establishes that [plaintiff] was merely transferred from one [p]rincipal position to another and was not the subject of a reassignment or demotion. . . . [Plaintiff's] contention that he was reassigned or demoted is not sustained by admissible evidence. Since [plaintiff's] non-reelection and transfer, [plaintiff] has not reported to work and has been disabled. Accordingly, he has no personal knowledge of his job duties and responsibilities with regard to his [p]rincipal-on-[a]ssignment position. [Plaintiff], therefore, cannot competently testify regarding the [p]rincipal-on-[a]ssignment position. . . . The weight of admissible evidence establishes that [the District's] transfer of [plaintiff] to his [p]rincipal-on-[a]ssignment position is authorized by . . . [section] 35035 *et seq.* and . . . [section] 44951 is inapplicable.

". . . Based on the [c]ourt's conclusion that . . . [Education Code section] 44951 does not apply to [plaintiff's] non-reelection, the issue as to whether or not [plaintiff] had to be noticed under [s]ection 44951's March 1

---

[1]School district employees may be "certificated"—i.e., a state-issued teaching credential is required—or "classified" (noncertificated employees). (Ed. Code, §§ 44001, 44002, 44006, 45103.) School administrators must be certificated employees. Certificated employees are probationary employees for the first two years. (See Ed. Code, § 44929.21, subd. (b).) After two years, in the absence of a timely notice of nonreelection, the certificated employee becomes permanent ("tenured") and may thereafter be dismissed only for cause. There is no "tenure," however, in a particular *administrative* position, even though the administrator must be a credentialed employee, and may or may not have achieved permanent status as a certificated employee. A tenured certificated employee may be "released" from a particular administrative position, but is still a permanent employee entitled to assignment as, e.g., a classroom teacher.

date (pre-1993 [a]mendment) or March 15 date (post-1993 [a]mendment) is moot. Section 44929.21, the applicable section relating to [plaintiff's] non-reelection, requires notice by March 15. [The District] properly noticed [plaintiff's] non-reelection on March 11, 1994, and therefore, his non-reelection notice was timely."

Plaintiff's argument that Education Code section 44951 is the more "specific" provision and thus controls over the more "general" section 44929.21, is misplaced. The "general vs. specific" rule of construction comes into play only if both provisions apply to the facts. Here, only section 44929.21 applies, concerning nonreelection (termination) of probationary employees. Section 44951 applies to demotion or reassignment of an administrator to a different administrative or to a classroom position. Section 44951 simply does not apply here.

Plaintiff's reliance on *Cousins v. Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846 [30 Cal.Rptr.2d 310], is likewise misplaced. *Cousins* held that, when a probationary employee is laid off or terminated for economic reasons, Education Code sections 44949 and 44955 specifically apply, and a simple notice of nonreelection under section 44929.21 is not sufficient. Here, unlike *Cousins,* section 44951, the alternative Education Code provision proposed by plaintiff, simply has no applicability to his situation. As the trial court stated below, "the court is unable to apply [the] rationale [of *Cousins*] to [plaintiff]."

Plaintiff contended below that the failure to give notice by March 1, under the former version of Education Code section 44951, rather than by March 15, under the amended version of section 44951, unconstitutionally impaired his right of contract.[2] He complains that the court below did not address his constitutional argument. It was unnecessary to do so. As explained, Education Code section 44951, in either its pre-1993 form or after the 1993 amendment, had no application whatever to plaintiff's nonreelection, or to his transfer.

Plaintiff also misconstrues *Ellerbroek v. Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348 [177 Cal.Rptr. 910]. This court held in

---

[2]As plaintiff remained in the same classification (principal), was paid the same (as a principal) through the end of the school year, and never in fact experienced any actual change in his assignment or duties (because he claimed he was disabled until after the school year was over), it is difficult to see what "contract" right could possibly have been impaired. Plaintiff does not identify what provision of his "contract," as an employee of a public entity (i.e., employment created and governed by statute), required that legislative (statutory) changes in *procedural* matters could not be applied to him.

*Ellerbroek* that notice had to be given under Education Code section 44951, but it was obvious that the employee in that case was an administrator released from one administrative position (principal) and reassigned to another administrative position in a different classification (supervisor of special projects). Here, plaintiff was laterally transferred from one position as principal to another position in the *same classification; i.e., principal.* *Ellerbroek* is inapposite.

## DISPOSITION

The judgment is affirmed. The District shall recover its costs on appeal.

Ramirez, P. J., and McKinster, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 30, 1996. Werdegar, J., was of the opinion that the petition should be granted.