[No. C050940. Third Dist. Apr. 3, 2007.]

STEPHEN HOSCHLER, Plaintiff and Appellant, v.
SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

COUNSEL

Law Office of Michael N. McCallum and Michael N. McCallum for Plaintiff and Appellant.

Ruiz & Sperow, Alison C. Neufeld and Eduard E. Erslovas for Defendant and Respondent.

OPINION

BUTZ, J.—Plaintiff Stephen Hoschler appeals from a judgment denying his petition for writ of mandate, which sought his reinstatement as a teacher for defendant Sacramento City Unified School District (the District).

The central issue in this case is whether the District gave Hoschler timely notice of his nonreelection as a teacher for the 2004–2005 term under Education Code section 44929.21.[1] Section 44929.21 provides that an employee on probationary status is deemed to have been "reelected" for the next succeeding school year unless the District "notif[ies]" him by March 15 of its decision not to retain him. The statute does not prescribe how such notice shall be given. Here, the District sent a notice of nonretention to Hoschler by certified mail on March 12, but he did not receive actual notice until weeks later.

The trial court ruled that sending the notice by certified mail complied with section 44929.21, even though the statute does not prescribe certified mail as an acceptable method of notice. Hoschler argues that the decision contravenes the settled principle that, where a statute is silent as to the method of notice, personal notice is required. We agree with Hoschler and shall reverse the judgment.

## FACTUAL BACKGROUND

The facts are undisputed. In 2001, Hoschler worked during the 2001–2002 school year as a university intern for the District while obtaining an intern credential from the California Commission on Teacher Credentialing. After obtaining his teaching credential, he taught during the 2002–2003 school year under a written contract. He began his second credentialed year in 2003–2004 as a probationary teacher.

---

[1] Undesignated statutory references are to the Education Code.

On March 11, 2004 (all further calendar references are to that year), the District's board of education decided that Hoschler would not be reelected for the 2004–2005 school year. On March 12, the District claims it mailed Hoschler a "Notice of Probationary Release," informing him of its decision not to reelect him for the following school year. The notice was sent by certified mail, with a return receipt fee of "[$]1.75" indicated by the District.[2] Hoschler claims he did not receive the letter from the District and did not see the notice until May 8, when he received a copy of it from his attorney. It was undisputed that Hoschler did not willfully refuse to pick up his mail.

On August 26, Hoschler filed a petition for a writ of mandate, requesting that the trial court declare him reelected for the 2004–2005 school year because he did not receive timely notice of his nonreelection. Following a nonevidentiary hearing, the trial court denied the petition. The trial court reasoned that since the Education Code "consistently" provided for notice by certified mail in other statutes dealing with teacher nonretention and dismissal, section 44929.21 must also be so construed.[3]

## DISCUSSION

### I. General Principles

Where, as here, there is no factual dispute and the trial court's decision turns solely upon a question of law, the standard of review on appeal is de novo. (*Conway v. City of Imperial Beach* (1997) 52 Cal.App.4th 78, 83 [60 Cal.Rptr.2d 402] (*Conway*).)

Interpretation of a statute presents a question of law. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *California Ins. Guarantee Assn. v. Liemsakul* (1987) 193 Cal.App.3d 433, 438 [238 Cal.Rptr. 346].) The trial court's application of an interpreted statute to undisputed facts is also subject to our independent review. (*Conway, supra,* 52 Cal.App.4th at p. 83.)

---

[2] A copy of the notice letter (postdated to Monday, Mar. 15, 2004) along with a photocopy of a United States Postal Service certified mail receipt form completed by the District, is attached to the declaration of chief personnel officer Carol Mignone. Her declaration on behalf of the District alleges that the notice was "prepared for delivery by certified mail, return receipt requested, and placed in the designated area for delivery to the U.S. Post Office the same day." However, the postal form attached to her letter and declaration shows a District date stamp "SHIPPED [¶] MAR 12 2004 [¶] SCUSD," rather than an official United States Postal Service date stamp and the District never produced a signed return receipt.

[3] The District also argued below that Hoschler was not entitled to notice because he was a "university intern" rather than a second-year teacher. The trial court, however, rejected that defense. Because the District does not challenge this aspect of the court's ruling, we accept it as correct and do not further discuss the issue.

■ Our fundamental task in interpreting a statute is to ascertain the Legislature's intent so as to effectuate the law's purpose. (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].) "We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." ' " (*People v. Mendoza* (2000) 23 Cal.4th 896, 907–908 [98 Cal.Rptr.2d 431, 4 P.3d 265].)

## II. Section 44929.21 and the Requirement of Notice

■ Under the Education Code, for the first two years of his employment, a certificated teacher in a large school district (250 or more students) is a probationary employee and serves at the pleasure of the district. As long as it notifies the teacher by March 15 of the second year of his employment of its decision not to rehire him for the next year, the district may release him at its complete discretion, " 'without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress.' " (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 917 [129 Cal.Rptr.2d 811, 62 P.3d 54] (*Kavanaugh*), quoting *Bellflower Education Assn. v. Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808 [279 Cal.Rptr. 179]; accord, *Summerfield v. Windsor Unified School Dist.* (2002) 95 Cal.App.4th 1026, 1029 [116 Cal.Rptr.2d 233]). However, if a second-year teacher is not so notified, he is deemed reelected for the third year and achieves permanent status (tenure). (§ 44929.21, subd. (b); see *Grimsley v. Board of Trustees* (1987) 189 Cal.App.3d 1440, 1447 [235 Cal.Rptr. 85].)

The controlling statute, section 44929.21, subdivision (b), provides in relevant part: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] *The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment* by the district in a position or positions requiring certification qualifications, *of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this*

*section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."* (Stats. 1987, ch. 1452, § 380, p. 5449, italics added.)

■ Section 44929.21 is silent as to a method of giving the required notice. Under settled principles of statutory construction, "[a] statute requiring that a notice shall be given, but which is silent as to the manner of giving such notice, contemplates personal service thereof." (*Long v. Chronicle Pub. Co.* (1924) 68 Cal.App. 171, 179 [228 P. 873] (*Long*); accord, *Johnson v. Barreiro* (1943) 59 Cal.App.2d 213, 218–219 [138 P.2d 746] (*Johnson*), cited with approval in *Simpson v. City of Los Angeles* (1953) 40 Cal.2d 271, 280 [253 P.2d 464]; *Smith v. Smith* (1940) 42 Cal.App.2d 19, 22 [108 P.2d 47].) As the court noted in *Long*: " 'It may be broadly stated that where a statute or contract requires the giving of notice, and there is nothing in the context, or in the circumstances of the case, to show that any other form of notice was intended, personal notice will be required. [Citation.] This is true because the law always favors a personal notice, and countenances substituted and constructive notices as matters of necessity or extreme expediency.' " (*Long, supra*, at p. 179, italics omitted, quoting *Stockton Automobile Co. v. Confer* (1908) 154 Cal. 402, 408–409 [97 P. 881].)

Since the District claims it sent notice of Hoschler's nonretention by certified mail, and the evidence is undisputed that he did not receive the notice until well after March 15, the notice of nonrenewal was untimely. (*Johnson, supra*, 59 Cal.App.2d at pp. 218–219 [where statute does not prescribe method of service, notice served by mail not effective until received].) Although there is no California teacher case directly on point, out-of-state decisions applying analogous education statutes on similar facts, have so held. (See, e.g., *School District No. 6 of Pima County v. Barber* (1958) 85 Ariz. 95, 96–97 [332 P.2d 496, 497–498]; *School Dist. RE-11J, etc. v. Norwood* (Colo. 1982) 644 P.2d 13, 15–16; *Weckerly v. Board of Education* (1972) 388 Mich. 731, 733–734 [202 N.W.2d 777, 779]; *Kiel v. Green Local School Dist.* (1994) 69 Ohio St.3d 149, 152–153 [1994 Ohio 21, 630 N.E.2d 716, 719].)

### III. The District's Reliance on *Gilliam*

The District cites *Gilliam v. Moreno Valley Unified School Dist.* (1996) 48 Cal.App.4th 518 [55 Cal.Rptr.2d 695] (*Gilliam*) to support its argument that, despite its silence on the method of notice, we should read into section 44929.21 a provision that certified mail service by the March 15 deadline is effective.

In *Gilliam*, the plaintiff was a probationary employee of a district that mailed him a notice on March 11, 1994, that he would not be reelected for the 1994–1995 school year. The plaintiff claimed that section 44929.21 *did not apply* because he was transferred to a lateral position. The Court of Appeal rejected the plaintiff's argument that his termination was controlled by a different statute under the "general versus specific" rule of statutory construction. Accepting at face value the trial court's finding that the plaintiff was " 'properly noticed' " of his nonreelection, the appellate court affirmed the judgment. (*Gilliam*, *supra*, 48 Cal.App.4th at pp. 522–523.)

*Gilliam* thus had no occasion to consider whether service by mail was sufficient compliance with the notice requirement because the plaintiff *never disputed* that he was notified before the statutory deadline set forth in section 44929.21. The plaintiff might well have received actual notice prior to March 15, which would have dispensed of the need for personal service. (See *Shearman v. Jorgensen* (1895) 106 Cal. 483, 485 [39 P. 863] [admission of receipt by mail is tantamount to personal service].)

■ " 'Opinions are not authority for issues they do not consider.' " (*Stoll v. Shuff* (1994) 22 Cal.App.4th 22, 27 [27 Cal.Rptr.2d 249]; see *Palmer v. Ted Stevens Honda, Inc.* (1987) 193 Cal.App.3d 530, 539 [238 Cal.Rptr. 363].) Consequently, *Gilliam* does not help the District's position.[4]

## IV. The Trial Court's Rationale

The trial court ruled that a certified mail method of giving notice must be read into section 44929.21 because it is featured as an optional method of notice in other Education Code statutes dealing with teacher nonretention and dismissal. The court agreed the question was "close" and that the legislative history of the statute was "not helpful at all." The court nevertheless ruled against Hoschler in a written decision from which we quote in pertinent part: "[I]n the context of the service requirements for other notices of actions affecting the employment of certificated employees under the Education Code, the court concluded that actual notice to [Hoschler] of his non-reelection by personal service or other method was not required. The

---

[4] In *Hankla v. Governing Bd.* (1975) 46 Cal.App.3d 644 [120 Cal.Rptr. 827] (*Hankla*), which is cited by both parties, the school district sent a teacher a dismissal notice by certified mail *and* mailed a courtesy copy to the teacher's attorney. The teacher refused to sign for the certified letter. The teacher claimed his dismissal was invalid because he did not actually receive the notice. (*Id.* at pp. 648, 652.) The appellate court held that the teacher could not deny notice on the grounds of lack of personal delivery where he deliberately avoided it and that, under the circumstances, due process was satisfied. (*Id.* at p. 655.) As the trial court recognized, since the statute in *Hankla* specifically authorized service by certified mail (*id.* at p. 653), the case is inapposite.

Education Code consistently provides for the service of notices of dismissal, suspension, non-reemployment and reduction in numbers by either personal service or registered mail. (See Ed. Code, §§ 44936, 44941, 44949, 44955.) . . . Service by registered or certified mail is expressly authorized even with respect to tenured teachers having procedural due process rights to continued employment. In this context, a requirement for personal service and actual notice cannot reasonably be implied in subdivision (b) of section 44929.21 for the notice of non-reelection given to probationary employees like [Hoschler]."

■ We observe at the outset that Hoschler was not asking the trial court to "imply" a requirement of personal service in section 44929.21, any more than the District was asking the court to "imply" a provision that certified mail notice is sufficient. The statute requires the District to give notice, but is silent as to the method. When the meaning of a statute is not clear from the plain meaning of the words used, we turn to a variety of aids including rules of statutory construction, with the objective of determining the intent of the Legislature. (*Santa Ana Unified School Dist. v. Orange County Development Agency* (2001) 90 Cal.App.4th 404, 408–409 [108 Cal.Rptr.2d 770].)

Here, the statute is silent on the method of notice. Under accepted canons of statutory interpretation, where a statute does not prescribe the method of notice, personal service is contemplated. Thus, unless a different purpose is found within the statutory scheme to justify an *exception*, the presumption of the personal service method of notice applies.

The trial court found justification for reading a certified mail method of notice into section 44929.21 because "[t]he Education Code *consistently provides* for the service of notices of dismissal, suspension, non-reemployment and reduction in numbers *by either personal service or registered mail*. (See Ed. Code, §§ 44936, 44941, 44949, 44955.)" (Italics added.)

However, as the accompanying chart shows (appen. A, *post*), the statutory scheme is anything but consistent on methods of service. While the sections cited by the trial court do, in fact, authorize service by either personal or certified mail, other sections dealing with dismissals or nonretention of employees (§§ 44885.5, 44901, 44948), as well as section 44929.21, *do not*. Furthermore, because some of these statutes feature an "either-or" service provision and some do not, it is clear the Legislature knows exactly how to provide for alternative methods of notice when it so intends. (See *Kavanaugh, supra*, 29 Cal.4th at p. 919.) In any event, the trial court's premise that the Education Code "consistently" provides for certified mail notice is incorrect. The failure to provide a method of notice in section 44929.21 is not

aberrational; it is repeated in a number of statutes dealing with nonretention of teachers. Hence, the court's rationale of "harmoniz[ing]" section 44929.21 with other Education Code notice statutes cannot be justified.

The trial court also reasoned that, since the Legislature enacted other Education Code sections giving school districts the option to use the certified mail method of notice for teachers who are subject to dismissal only for cause and enjoy due process procedural rights, it could not possibly have intended a more onerous personal service requirement for probationary teachers, who have no recourse whatsoever once a district informs them their services are no longer necessary.

This logic is not persuasive. Since a probationary teacher has no procedural due process rights under section 44929.21, notification of his nonreelection is the "end of the line" for that teacher. One of the primary purposes for requiring that probationary employees be given timely notice of a decision not to retain them is so that they can make alternate plans, apply for other jobs, and have time to relocate if necessary.

On the other hand, in cases where a teacher does enjoy procedural due process rights, a district's notice is not the end of the line, but the *beginning* of a process, which may or may not lead to the loss of his job. The Legislature could well have believed that personal notice by March 15 should be given to probationary employees who have no procedural recourse, since it is essential they have actual knowledge of a district's decision early enough to prepare for the future. The fact that three of the four statutes not specifying a method of notice pertain to the nonretention of employees without procedural recourse (see appen. A), supports this conclusion.

The circuitous history of probationary dismissal statutes also supports the inference that the Legislature's failure to insert an option for certified mail service in section 44929.21 was deliberate.

"Under early provisions relating to the hiring and dismissal of teachers, all teachers were subject to annual hiring decisions. School districts exercised absolute discretion in making those decisions. (Former Pol. Code, § 1609 as added by Stats. 1917, ch. 552, § 8, p. 737.) Later, distinctions were made between permanent employees, who enjoyed tenure and could only be dismissed for cause, and probationary employees, who could only be dismissed for cause during the school year but remained subject to dismissal at the end of each school year with or without cause. (Former Pol. Code, § 1609, subds. (i) and (j), as amended by Stats. 1921, ch. 878, § 1, pp. 1665–1666.) That right was expanded in 1935 to require in larger districts that any decision not to rehire be for cause." (*Cousins v. Weaverville*

*Elementary School District* (1994) 24 Cal.App.4th 1846, 1850 [30 Cal.Rptr.2d 310] (*Cousins*), citing former Sch. Code, § 5.682, as amended by Stats. 1935, ch. 697, § 1, p. 1895.) ·

In the 1930's, a probationary teacher could be dismissed during the school year only for cause, but if given notice in writing on or before June 10, dismissal was permitted without cause. (Former Sch. Code, §§ 5.680–5.681.) Former School Code section 5.682 · allowed for "notice [to be] deemed sufficient and complete when delivered in person to such employee by the clerk or secretary of the board, *or deposited in the United States registered mail postage prepaid,* addressed to the employee at his last known place of address." (*Salmon v. Allen* (1934) 1 Cal.App.2d 115, 118 [36 P.2d 153], italics added.) The 1935 amendments to the former School Code placed this description of how notice is · to be delivered into section 5.681, which provided that " '[o]n or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. Such notice shall be deemed sufficient and complete *when delivered in person to such employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail* with postage prepaid, addressed to such employee at his last known place of address.' " (*Darby v. Biggs School Dist.* (1936) 15 Cal.App.2d 218, 219 [59 P.2d 167], italics · added; see *Knickerbocker·v. Redlands H. Sch. Dist.* (1942) 49 Cal.App.2d 722, 724–725 [122 P.2d 289].)

The Hughes-Hart Educational Reform Act of 1983 "eliminated the require-ment that nonreelection of probationary teachers must be based on cause." (*California Teachers Assn. v. Mendocino Unified School Dist.* (2001) 92 Cal.App.4th 522, 526 [111 Cal.Rptr.2d 879].) "The period of probation was reduced from three to two years. However, language requiring nonreelection to be based on cause was eliminated. Section 44929.21, subdivision (b) [now] requires the governing board of school districts having an average daily attendance of 250 or more to give certificated probationary employees notice of the decision to elect or not elect the employee for the next school year by March 15 of the employee's second school year. If no notice is given, the employee is deemed reelected. The law pertaining to nonreelection of proba-tionary employees was thus returned in large part to its 1921 origins." (*Cousins, supra,* 24 Cal.App.4th at pp. 1851–1852, fns. omitted.)

. Thus, for decades prior to 1983, statutes regulating dismissal and nonreten-tion of probationary teachers provided for registered mail service[5] as an

---

[5] The Education Code has· long provided that service by certified mail is deemed sufficient compliance with a statute providing for notice by registered mail. (§ 70 [former § 31; see *Hankla, supra,* 46 Cal.App.3d at p. 653].)

alternate method of notice. Yet, when the Legislature overhauled the Education Code in 1983 to allow probationary teachers to be released at the complete discretion of a district, it required that they be "notif[ied]" of their nonreelection by the March 15 deadline, without affording larger districts the option of sending the notice by certified or registered mail. (§§ 44885.5, 44901, 44929.21.)

■ "Where the Legislature omits a particular provision in a later enactment related to the same subject matter, such deliberate omission indicates a different intention which may not be supplanted in the process of judicial construction." (*Kaiser Steel Corp. v. County of Solano* (1979) 90 Cal.App.3d 662, 667 [153 Cal.Rptr. 546].) Moreover, "[t]he Legislature 'is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.] Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction.' " (*People v. McGuire* (1993) 14 Cal.App.4th 687, 694 [18 Cal.Rptr.2d 12], quoting *People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].)

Applying these precepts, we conclude, first, that the fact that the Legislature had, in earlier statutes, allowed large districts the option of serving nonretention notices on probationary employees by mail, but deleted that option in later versions, signifies a deliberate intention to change the law with respect to notice. Second, when it changed the Education Code in 1983 to delete the option of mail notice, the Legislature must be presumed to have been aware of prior decisions holding that where a statute requires the giving of notice but fails to specify a method, notice by personal service is required.

■ We therefore conclude that the notification requirement of section 44929.21, subdivision (b) contemplates personal service or some other method equivalent to imparting actual notice. Because the District failed to comply with this requirement, it did not give Hoschler timely notice of nonreelection within the meaning of section 44929.21, subdivision (b). Hoschler was thus entitled to relief by way of writ of mandate.

## V. Public Policy

The District contends that the trial court's decision should be affirmed due to "policy considerations." Without citation to the record or supporting authority, the District argues that it is "neither reasonable nor practical to require districts to ensure actual delivery by March 15 to probationary teachers alone."

The District's concerns are addressed to the wrong forum. It is not the function of the courts to make public policy; our job is to interpret statutes. If the District feels the statute as written makes for bad policy, such concerns should be addressed to the Legislature. (See *Lockheed Martin Corp. v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 1237, 1248–1249 [117 Cal.Rptr.2d 865]; *Hospital Systems, Inc. v. Office of Statewide Health etc. Development* (1994) 25 Cal.App.4th 1686, 1695–1696 [30 Cal.Rptr.2d 922].)

## VI. Retroactivity

■ Although as a general rule judicial decisions are to be given retroactive effect (*Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978, 981–982 [258 Cal.Rptr. 592, 772 P.2d 1059]), the California Supreme Court has recognized that " '[c]onsiderations of fairness and public policy may require that a decision be given only prospective application.' " (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 372 [127 Cal.Rptr.2d 516, 58 P.3d 367], quoting *Woods v. Young* (1991) 53 Cal.3d 315, 330 [279 Cal.Rptr. 613, 807 P.2d 455], citing *Newman, supra*, at pp. 983–984.)

" ' "Particular considerations relevant to the retroactivity determination include the reasonableness of the parties' reliance on the former rule, the nature of the change as substantive or procedural, retroactivity's effect on the administration of justice, and the purposes to be served by the new rule." ' " (*Claxton v. Waters* (2004) 34 Cal.4th 367, 378–379 [18 Cal.Rptr.3d 246, 96 P.3d 496], quoting *Smith v. Rae-Venter Law Group, supra*, 29 Cal.4th at p. 372.)

We invited the parties to submit supplemental briefs on how widespread the practice of sending probationary release notices by certified mail is, and whether, assuming we construed section 44929.21 to require personal notice, our decision should be applied retroactively.

We have also granted each party's motion to submit additional evidence pursuant to Code of Civil Procedure section 909,[6] regarding the present practices by school districts throughout the state of giving nonretention notices to probationary teachers. The District's declarations show that many school districts, especially larger ones, have a standard practice of serving such notices by certified mail. On the other hand, Hoschler's supporting

---

[6] Code of Civil Procedure section 909 permits a reviewing court, for the purpose of making the factual determinations " 'or for any other purpose in the interests of justice, [to] take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal.' " (*In re Christopher I.* (2003) 106 Cal.App.4th 533, 562 [131 Cal.Rptr.2d 122], quoting Code Civ. Proc., § 909, italics added by *Christopher I.*) Section 909 also contains the mandate that it be liberally construed.

declarations disclose that some districts use certified mail, some use personal delivery and still others use a combination of the two. A few, not unreasonably, consider the teacher's signature on the certified mail return receipt as proof that they fulfilled their duty of giving notice.

After reviewing this evidence and its effect on the retroactivity issue, several things have become clear. First, although section 44929.21 requires that districts "notify" probationary teachers of nonretention, it fails to prescribe the method of giving notice and no reported case has interpreted the statute, leaving each school district to ascertain for itself what form of notice is acceptable. Second, a significant number of school districts have relied on the certified mail method as sufficient notice under the statute. This is evident, not only from the evidence before us, but from several published cases indicating that many districts have a practice of sending nonretention notices to probationary teachers solely through the mail. (See *Peoples v. San Diego Unified School Dist.* (2006) 138 Cal.App.4th 463, 466 [41 Cal.Rptr.3d 383]; *Culbertson v. San Gabriel Unified School Dist.* (2004) 121 Cal.App.4th 1392, 1395 [18 Cal.Rptr.3d 234]; *Fine v. Los Angeles Unified School Dist.* (2004) 116 Cal.App.4th 1070, 1074 [10 Cal.Rptr.3d 876]; *Gilliam, supra,* 48 Cal.App.4th at pp. 519, 522–523.)

In view of the Legislature's silence on the method of giving notice in section 44929.21 and the fact that pre-1983 statutes permitted notice by mail, we cannot fault those school districts who adopted the practice of the certified mail method of notice without carefully reading the statute. Furthermore, according our decision full retroactivity would create a severe hardship on these districts, many of whom labor under the constraint of tight budgets. We have no doubt that school districts routinely issue a surfeit of nonretention notices out of an abundance of caution, in light of the uncertainty of legislative appropriations for the upcoming year. Unless our decision is given limited retroactivity, it is likely that probationary teachers in larger districts will be deemed reelected for the 2007–2008 school year, regardless of whether there is money to pay them.

■ We therefore conclude that the personal notice requirement of section 44929.21 should be given limited retroactive effect, applying to Hoschler and to all teachers who are issued notices pursuant to section 44929.21 after this decision becomes final. We believe this disposition strikes the appropriate balance between avoiding undue administrative and financial hardship on school districts, while according probationary teachers the right to proper statutory notice in future cases.

## DISPOSITION

The judgment is reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion. Hoschler shall recover his costs on appeal. (Rules of Court, rule 8.276(a).)

Davis, Acting P. J., and Robie, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 11, 2007, S152645.

## APPENDIX A

### TEACHER DISMISSAL AND NONRETENTION STATUTES

| EDUCATION CODE SECTION | TEACHER STATUS | TYPE OF TERMINATION | DEADLINE | NOTICE REQUIREMENT | NUMBER OF STUDENTS |
|---|---|---|---|---|---|
| 44885.5 | Intern | Nonreelection (same as 44929.21) | March 15 | Not specified | Any |
| 44901 | Probation, multidistrict | Reelection to next year | March 15 | Not specified | >250 |
| **44929.21** | **Probation** | **Nonreelection after two years (no tenure)** | **March 15** | **Not specified** | **>250** |
| 44934/ 44936 | Permanent | Dismissal or suspension for unprofessional conduct* | May 15 | Personal or Mail | >250 |
| 44941 (see 44932 et seq.) | Permanent | Suspension and Dismissal* | None | Personal or Mail | Any |
| 44948/ 44948.3 | Probation | Dismissal for cause during school year* | March 15 | Not specified | >250 |
| 44948.5 | Probation | Nonreelection* | March 15 | Personal or Mail (subd. (h)) | <250 |
| 44949 | Permanent and Probation | Nonrenewal (for cause)* | March 15 | Personal or Mail (subd. (d)) | Any |
| 44955 | Permanent and Probation | Economic layoff* | May 15 | Personal or Mail (subd. (d)) | Any |

---

\* Teacher enjoys procedural due process rights.