[No. B219524. Second Dist., Div. Three. Apr. 7, 2011.]

MICHAEL SULLIVAN, Plaintiff and Appellant, v.
CENTINELA VALLEY UNION HIGH SCHOOL DISTRICT, Defendant
and Respondent.

**COUNSEL**

Trygstad, Schwab & Trygstad and Lawrence B. Trygstad for Plaintiff and Appellant.

Dannis Woliver Kelley, Sue Ann Salmon Evans, Amy R. Levine, Candace Bandoian and Damara L. Moore for Defendant and Respondent.

**OPINION**

**ALDRICH, J.**—Probationary teacher Michael Sullivan appeals from a judgment denying his petition for writ of mandamus. The petition sought to compel the Centinela Valley Union High School District (the District) to reinstate Sullivan with permanent status (tenure) because he alleged the District was one day late in serving him with notice that he would not be reelected for the following school year.

Education Code section 44929.21[1] states a teacher on probationary status is deemed to have been reelected for the next succeeding school year unless notified by March 15 of the decision not to reelect him or her. If the governing school board does not meet the statutory deadline, a second year probationary teacher, like Sullivan, attains tenure. (§ 44929.21, subd. (b).) Since the statute is silent as to the method to serve notice, *Hoschler v. Sacramento City Unified School Dist.* (2007) 149 Cal.App.4th 258, 269 [57 Cal.Rptr.3d 115] (*Hoschler*) held the notification requirement of section 44929.21, subdivision (b) "contemplates personal service or some other method equivalent to imparting actual notice." *Hoschler*, however, did not discuss whether an exception applies for willful evasion of service.

██ In this case, we hold a probationary teacher may not assert failure of service under section 44929.21, subdivision (b) when the probationary

---

[1] Unless otherwise indicated, all further statutory references are to the Education Code.

teacher avoids service where, under the circumstances, it reasonably can be inferred the teacher did so with knowledge of the nonretention decision. Based upon substantial evidence in the record, we invoke the exception here, and affirm on those grounds. We also affirm on the alternative grounds that Sullivan had actual notice, as required by *Hoschler*, before the statutory deadline.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Facts*

Sullivan was a probationary teacher employed by the District for the 2006–2007 school year, and reemployed for the 2007–2008 school year as a second year probationary teacher. He taught business at Hawthorne High School.

On March 10, 2008 (all further calendar references are to that year), the District's director of human resources met with Sullivan. She notified him the District had determined not to recommend to the State Board of Education (the Board) his reelection. Sullivan was informed he had the option to resign.

On March 10, Sullivan told his principal at Hawthorne High School that he learned the District would not reelect him for the following school year.

Sullivan called in sick on March 11 and 12.

On March 13, Sullivan appeared at the Board meeting. Among the agenda items was the reelection of probationary employees. Sullivan and Attorney Milton Kerlan, Jr., addressed the Board on Sullivan's behalf and asked the Board to reconsider and reelect Sullivan. The minutes reflect Kerlan spoke on Sullivan's behalf as his attorney, but Kerlan later claimed he spoke as Sullivan's "personal friend." Sullivan left the Board meeting when the Board went into its first closed session, and he did not return until after the meeting had adjourned.

After approving the decision not to reelect Sullivan in the closed session, the Board publicly announced its decision.[3] Sullivan, identified by his

---

[2] Our resolution of this appeal does not require us to consider whether *Hoschler* was correctly decided.

[3] We relegate to a footnote, as Sullivan did in his brief, Sullivan's contention that his objections to this testimony were improperly overruled. Sullivan has not presented any authority or argument to support this contention on appeal, and therefore has forfeited the issue. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [31 Cal.Rptr.2d 264] ["Issues do

employee identification number, was one of the probationary employees not reelected. Kerlan was present when the Board announced its decision, while Sullivan stood outside.[4]

The following day, March 14, Sullivan called in sick. The District sent him a letter via certified mail, return receipt requested, to his address on file with the District. The letter informed Sullivan that the Board determined he would not be reelected for the upcoming school year.

On March 15, the letter was delivered to Sullivan's address of record, and Rita Sullivan signed for the letter. Sullivan stated in a declaration that Rita Sullivan was not authorized to accept service on his behalf. Sullivan was not at his address all day.

Sullivan returned home on March 16 and read the letter.

### 2. *Petition for Writ of Mandamus*

Sullivan filed a petition for writ of mandamus pursuant to Code of Civil Procedure section 1085. The petition sought to compel the District to reinstate him with permanent status because the District's notification letter did not satisfy the service requirements of section 44929.21, subdivision (b), as interpreted in *Hoschler, supra,* 149 Cal.App.4th at page 269. The District's answer to the petition raised equitable defenses, including estoppel.

The court denied Sullivan's petition. The trial court noted that Sullivan had been "tipped off" on March 10 that he would not be reelected. Thereafter, his conduct at the Board meeting, missing work the next day, and not being home on March 15 "strongly suggest[ed] that he purposely prevented such notice from being given." Citing *Hoschler,* the court found it inapposite because the teacher in that case did not willfully refuse to pick up the letter, which informed him that the school board decided not to reelect him. Thus, the trial court found the District's obligation to personally serve notice on or before March 15 was excused, based upon equitable principles in the Civil Code.[5]

---

not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived."].)

[4] Kerlan's declaration did not dispute this evidence. Rather, he stated he did not receive any notice of the Board's decision on March 13 at the Board meeting. Kerlan's declaration and several other documents are contained in Sullivan's motion to augment the record, which we have granted.

[5] The trial court found support for its ruling in Civil Code section 1511, which provides in relevant part: "The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes, to the extent to

Sullivan timely appealed.

## DISCUSSION

### 1. *Standards of Review*

Contrary to Sullivan's assertion, this appeal is governed by two different standard of review. We exercise our independent judgment on questions of law. (*Womack v. San Francisco Community College Dist.* (2007) 147 Cal.App.4th 854, 858 [54 Cal.Rptr.3d 558].) We apply the substantial evidence standard to the trial court's factual determinations. (*Ibid.*)

### 2. *Sullivan Cannot Evade Service to Assert the Absence of Personal Service*

Sullivan contends the District had to strictly comply with the notice requirement in section 44929.21, subdivision (b) as construed in *Hoschler, supra,* 149 Cal.App.4th at page 269. Although the letter stating he was not reelected was timely received at his address on March 15, Sullivan maintains he was not personally served within the statutory deadline. Sullivan's contention overlooks the substantial evidence that he willfully evaded service of the notice not to reelect him.

■ For the first two years of employment, a certificated teacher in a large school district (250 or more students) is a probationary employee. (§ 44929.21, subd. (b).) As long as the district notifies the teacher on or before March 15 of the decision not to rehire for the next year, the district may release the teacher without a showing of cause or any right to appeal the district's decision. (*Ibid.*; see *Hoschler, supra,* 149 Cal.App.4th at p. 263.) Section 44929.21, subdivision (b) sets forth the notice requirement: "The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district . . . of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."

Section 44929.21, subdivision (b) is silent as to the method of giving the required notice. (*Hoschler, supra,* 149 Cal.App.4th at p. 264.) After reviewing

which they operate: [¶] 1. When such performance or offer is prevented or delayed by the act of the creditor . . . ." At Sullivan's request, the trial court gave him an opportunity to file a supplemental brief on this issue.

the notice requirements of several dismissal statutes in the Education Code, along with the legislative history of section 44929.21, the *Hoschler* court concluded the notification requirement of section 44929.21, subdivision (b) contemplates personal service *or some other method equivalent to imparting actual notice.* (*Hoschler, supra,* at pp. 265–269, 273.) Since a probationary teacher has no procedural due process rights under section 44929.21, notification of the decision is the " 'end of the line' " for that teacher and gives the teacher time to make "alternate plans, apply for other jobs, and have time to relocate if necessary." (*Hoschler, supra,* at p. 267.)

■ *Hoschler* did not consider an exception to the notice requirement for willful refusal to accept personal service; it was undisputed in *Hoschler* that the teacher did not willfully refuse to pick up the nonretention letter. *Hoschler,* however, acknowledges that a person may not assert the failure of service when delivery was deliberately prevented and where it can be inferred the person was aware of the nature of the correspondence. (*Hoschler, supra,* 149 Cal.App.4th at pp. 262, 265, fn. 4; see also *Hankla v. Governing Bd.* (1975) 46 Cal.App.3d 644, 655 [120 Cal.Rptr. 827].) *Hoschler* had no occasion to apply this principle to the notification requirement of section 44929.21, subdivision (b). (*Hoschler, supra,* at p. 262.) As the *Hoschler* court reminds us, opinions are not authority for issues not considered. (*Id.* at p. 265.)

■ In *Hankla v. Governing Bd., supra,* 46 Cal.App.3d 644, the court held that a teacher could not assert failure of service when he willfully disregarded a notice of certified mail delivered to his address where it was reasonable to infer he knew that it was a dismissal letter. (*Id.* at p. 655.) Hankla received two notices of attempted delivery and did not pick up the dismissal letter. (*Id.* at pp. 648–649.) The court concluded there was substantial evidence that actual receipt of the certified letter was frustrated by Hankla's deliberate attempt to avoid service. Implied in this finding, according to the court, was that Hankla knew the contents of the letter. (*Id.* at pp. 654–655.) Thus, the *Hankla* court invoked the rule that "[a] person may not deny personal service on the grounds of lack of delivery where the delivery was deliberately prevented by the action of the person to be served." (*Id.* at p. 655.)

The exception invoked for evasion of service in *Hankla v. Governing Bd., supra,* 46 Cal.App.3d at page 655 applies here. Sullivan may not assert failure of personal service if the facts show he avoided service, and if it reasonably can be inferred that Sullivan knew the District was attempting to serve him with notice that he had not been reelected.

There is substantial evidence that the notice of the decision not to reelect Sullivan was frustrated by Sullivan's actions to avoid service. By Sullivan's own account, he was aware the District had recommended that he not be reelected. After the Board's decision, the District could have given him notice on the evening of March 13, March 14, or March 15. Sullivan admitted he did not wait for the Board's decision on March 13, even though he appeared at the meeting to plead his case. Thus, assuming Attorney Kerlan did not inform Sullivan of the Board's decision, Sullivan knew the District would have to personally serve him notice on either March 14 or March 15. Sullivan did not attend work on March 14. When he did not receive notice at his residence on March 14, Sullivan left his residence for the entire day on March 15, making it impossible to personally serve him.

We reject Sullivan's argument that the exception in *Hankla v. Governing Bd., supra,* 46 Cal.App.3d 644, cannot be applied here because in *Hankla* the dismissal notice was properly served by certified mail whereas here the notice should have been personally served. Sullivan misses the point; the exception focuses on his conduct. In any event, had Sullivan been home on March 15, he would have signed for the letter and been personally served via messenger (post office) with the District's letter. (See *Hoschler, supra,* 149 Cal.App.4th at p. 265.) Based upon substantial evidence and reasonable inferences, personal service of the notice of the decision not to reelect Sullivan was frustrated by his attempts to avoid service. Implied in this finding is that Sullivan knew the Board's decision. Thus, Sullivan cannot assert failure of service. We find this conclusion in harmony with *Hoschler, supra,* 149 Cal.App.4th at page 269, because Sullivan's conduct in avoiding service demonstrates his knowledge (actual notice) of the decision not to retain him.[6] Therefore, Sullivan was given adequate notice of the decision not to reelect him as required by section 44929.21, subdivision (b).

### 3. *Hoschler's Actual Notice Requirement Has Been Satisfied*

As previously noted, *Hoschler* held the notification requirement of section 44929.21, subdivision (b) could be accomplished by *some other method equivalent to imparting actual notice.*[7] (*Hoschler, supra,* 149 Cal.App.4th at

---

[6] In light of this conclusion, we need not address the equitable principle the trial court relied on to reach the same conclusion.

[7] Sullivan contends the trial court concluded he did not receive actual notice. When read in context, the trial court's use of "notice" refers to Sullivan's conduct in avoiding service. Substantial evidence establishes Sullivan had actual notice that he had not been retained before the statutory deadline.

p. 269.) Sullivan contends he received actual notice on March 16 when he read the letter timely delivered to his residence on the deadline. Sullivan had actual notice on or before March 15.

Invoking agency laws, Sullivan contends receipt of the letter on March 15 was not actual notice since Rita Sullivan was not authorized to sign on his behalf. Agency law principles do not advance Sullivan's position.

■ Actual notice is express information of a fact, sometimes referred to as "genuine knowledge." (Civ. Code, § 18; see also *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547–548 [114 Cal.Rptr.2d 399] ["actual notice" in Code Civ. Proc., § 473.5, which permits a party to set aside a default judgment if a defendant has not been properly served, means "genuine knowledge"].) As against a principal (Sullivan), "both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." (Civ. Code, § 2332.) Although Sullivan claims Rita Sullivan was not his agent and had no authority to sign on his behalf, Rita Sullivan had ostensible authority. (Civ. Code, § 2317.) Sullivan permitted a third party (District) to believe Rita Sullivan had the authority to accept receipt of the District's letter on his behalf. (*Ibid.*) Under agency law, Rita Sullivan's signature on the certified mail return receipt is sufficient to fulfill the District's duty to give Sullivan notice.

Sullivan, however, had actual notice long before the letter arrived at his residence on March 15. The undisputed evidence is that on March 10, the director of human resources told Sullivan that he would not be reelected, and she offered him the option to resign. Sullivan contends this information was a prediction of what the Board might do, and did not become an expression of fact until the Board's vote. But an option to resign signals more than a prediction. By March 10, when Sullivan was given the option to resign, he had genuine knowledge or actual notice that the Board would vote not to reelect him for the following school year.[8] This oral notice is sufficient under *Hoschler, supra,* 149 Cal.App.4th at page 269. Moreover, the notice on March 10 served the primary purpose of the notification requirement in section 44929.21, subdivision (b), that is, to afford Sullivan an opportunity to find another job and plan for the future. Since Sullivan had actual notice of the Board's decision on or before March 15, the petition was properly denied.

---

[8] While this is sufficient actual notice, we also note the evidence and reasonable inferences to be drawn from the evidence are that the Board delivered notice of its decision on March 13 at the meeting. Attorney Kerlan was present when the Board announced the decision not to reelect Sullivan. We do not rely on this evidence to reach our conclusion, however, because Kerlan submitted a declaration that stated he is not Sullivan's attorney.

## DISPOSITION

The judgment entered following the order denying the petition is affirmed. The District is entitled to costs on appeal.

Croskey, Acting P. J., and Kitching, J., concurred.