Filed 6/4/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEL M. GRACE, | |
| Plaintiff and Appellant, | E054801 |
| v. | (Super.Ct.No. RIC532079) |
| BEAUMONT UNIFIED SCHOOL DISTRICT, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Gloria Trask, Judge. Affirmed.

Anyiam Law Firm and Christian U. Anyiam for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Mark W. Thompson, and Brooke E. Jimenez for Defendant and Respondent.

Plaintiff and appellant Del M. Grace (Grace) was a probationary school nurse with defendant and respondent Beaumont Unified School District (the District). On March 3, 2009, the District decided to terminate her employment for the 2009-2010 school year.

Grace filed a petition for writ of mandate to compel her reinstatement, arguing that the notice of her termination was insufficient. The trial court found that an e-mail notice

1

from the District's head of human resources was sufficient notice and denied the petition. Grace appeals from the ensuing judgment.

I

ISSUE

Education Code section 44929.21, subdivision (b)[1] provides that the governing board of a school district must notify a probationary teacher on or before March 15 of the teacher's second complete consecutive school year of employment of the decision to reelect or not reelect the teacher for the next succeeding school year.  If the notice is not given, the teacher is deemed reelected for the next school year and must be classified as a permanent employee of the district at the commencement of that year.

No method of giving notice is stated in the section.[2]  The gap was filled by *Hoschler v. Sacramento City Unified School Dist.* (2007) 149 Cal.App.4th 258

---

[1]     All further statutory references are to the Education Code unless otherwise specified.

[2]     Section 44929.21, subdivision (b) provides: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district.

"The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position.  In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year.

"This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983-84 fiscal year or any fiscal year thereafter."

2

(*Hoschler*).  The parties here interpret *Hoschler* differently.  Grace argues that personal notice of the decision not to reelect (rehire) her is required and was not given.  The District argues that actual notice is sufficient and that it was given.  We therefore begin with *Hoschler.*

II

DISCUSSION

In *Hoschler*, the District sent a notice of nonretention to Hoschler by certified mail on March 12, but he did not receive actual notice until weeks later.  (*Hoschler*, *supra*, 149 Cal.App.4th at p. 262.)  The trial court found that the use of certified mail complied with the statute.  However, the appellate court disagreed and reversed.  (*Id.* at p. 261.)

Hoschler claimed that he did not receive the letter from the District and did not see it until he received it from his attorney on May 8.  (*Hoschler*, *supra*, 149 Cal.App.4th at p. 262.)  The District did not produce a signed return receipt, and the parties agreed that Hoschler did not willfully refuse to pick up his mail.  (*Ibid.*)

The appellate court applied a de novo standard of review in interpreting the statute.  (*Hoschler*, *supra*, 149 Cal.App.4th at p. 262.)  After reviewing the statute and notice requirements of similar statutes, the court applied the principle that, when a statute requires notice but does not prescribe a method of notice, personal notice is required.  (*Id.* at pp. 263-267.)

The court also reviewed the history of probationary dismissal statutes.  (*Hoschler*, *supra*, 149 Cal.App.4th at pp. 267-268.)  This lengthy discussion culminates in the sentence at issue here: "We therefore conclude that the notification requirement of

3

section 44929.21, subdivision (b) contemplates personal service *or some other method equivalent to imparting actual notice.*" (*Id*. at p. 269, italics added.) Interestingly enough, the opinion does not discuss what "some other method equivalent to imparting actual notice" might be. The implication, however, is that if an employee has actual notice, personal service is not required.

The language is broad enough to include service by certified mail if a return receipt shows that the letter was received before March 15. In such a case, the probationary employee would have actual notice before March 15. This possible interpretation is bolstered by the opinion's discussion of the retroactivity of its opinion. Before the 1983 adoption of section 44929.21, many districts used certified mail to give the requisite notice. (*Hoschler*, *supra*, 149 Cal.App.4th at p. 271.) After the statute was adopted, without a specific requirement that notices be served in any particular manner, many districts continued the practice. (*Ibid.*) Accordingly, the decision was given limited retroactive effect. (*Ibid.*)

Subsequent cases have followed *Hoschler*. In *Sullivan v. Centinela Valley Union High School Dist.* (2011) 194 Cal.App.4th 69, 71 (*Sullivan*), the notice was one day late. The court said, "In this case, we hold a probationary teacher may not assert failure of service under section 44929.21, subdivision (b) when the probationary teacher avoids service where, under the circumstances, it reasonably can be inferred the teacher did so with knowledge of the nonretention decision. Based upon substantial evidence in the record, we invoke the exception here, and affirm on those grounds." (*Id.* at pp. 71-72.)

The court found evidence that Sullivan knew the board's decision to terminate him and that he had willfully evaded service by certified mail. (*Sullivan*, *supra*, 194 Cal.App.4th at p. 76.) "Implied in this finding is that Sullivan knew the Board's decision. Thus, Sullivan cannot assert failure of service." (*Ibid.*) The court found that "Sullivan's conduct in avoiding service demonstrates his knowledge (actual notice) of the decision not to retain him." (*Ibid.*, fn. omitted.)

The court also affirmed the alternative ground that Sullivan had actual notice, as required by *Hoschler*, before the statutory deadline. (*Sullivan*, *supra*, 194 Cal.App.4th at pp. 71-72, 76-77.) The alternative ground was based on evidence that Rita Sullivan had signed a receipt for the certified mail, which was received at the Sullivan residence on March 15. (*Id.* at p. 77.) Even before that, Sullivan was orally told that he would not be rehired, and this was also sufficient. (*Ibid.*)

Of some relevance here, there was evidence that Sullivan attended a school district board meeting at which the termination decisions were adopted and published by employee number.[3] (*Sullivan*, *supra*, 194 Cal.App.4th at pp. 72-73.) The court also stated that this was actual notice. (*Id.* at p. 77 & fn. 8.)

Thus, the *Sullivan* court approved the *Hoschler* statement that actual notice was sufficient and affirmed on this alternate ground. (*Sullivan*, *supra*, 194 Cal.App.4th at p. 77.)

---

[3] Although Sullivan was outside the room when the decision was announced, his friend/attorney was present. (*Sullivan*, *supra*, 194 Cal.App.4th at pp. 72-73.) Since the attorney submitted a declaration that he was not acting as Sullivan's attorney, the court did not rely on this notice evidence in reaching its decision.

## III

## APPLICATION TO THE FACTS OF THIS CASE

At her deposition, Grace testified that she was present at the board meeting of March 3, 2009. At that meeting, the board met in closed session to discuss actions to take pursuant to section 44929.21. In open session, the board announced its decision to lay off 12 employees, identified by employee number. According to a note, which was apparently added to the document later, one of the numbers belonged to Grace.[4] At that time, therefore, Grace learned that the resolution applied to her. Subsequently, the District confirmed that the action was passed and that it included Grace's employee number.

On March 11, Grace was sent an e-mail asking her to be available for a meeting that day. She responded that she was unable to meet then and asked the purpose of the meeting. Mr. Hovey, assistant superintendent for personnel services, responded that the purpose of the meeting was "to provide you notice that the district will not be offering you a contract for next school year." The e-mail went on to state that, if Grace preferred, the District would mail her notice by certified mail. Grace responded by asking that the District notify her by certified mail. This response was a waiver of any right to a meeting to discuss the issue personally.

---

[4] The document was provided by plaintiff as an exhibit to her reply to the District's opposition to the mandamus petition.

6

The District then mailed her a certified letter on March 11.[5]  It was unclaimed and subsequently returned to the District.  As in *Sullivan*, it appears that plaintiff was aware the letter was coming and merely failed to claim it before March 15.

In any event, we agree with the District that, under *Hoschler* and *Sullivan*, actual notice of the decision not to rehire Grace for the next school year was communicated to her by the resolution adopted by the District board at a meeting she attended.  The resolution, containing her employee number, gave her actual notice of her impending termination on March 9.[6]

In addition, Grace's rejection of Mr. Hovey's request that they meet personally to receive notice that her contract would not be renewed, and her request to receive notice by certified mail, effectively waived any right she had to be personally served.  In effect, she chose the method of notice, and her choice was sufficient to relieve the District of any obligation it had to personally serve her with a written notice.

The purpose of the statute is to provide the probationary employee with ample notice to allow the employee "an opportunity to find another job and plan for the future."

---

[5]    Grace repeatedly claims that the letter was mailed to the wrong address, but she admitted in her deposition that the address used was her correct address.  The return receipt attached to the back of the letter omitted a portion of the street name, but it was never used.

[6]    In her deposition, Grace testified that two reduction-in-force proposals were presented to the board.  Both included termination of a school nurse.  The board selected one alternative and also passed the nonreelect list.  Grace testified, "I got both votes." Subsequently, she claimed she did not understand that the board had named her until April.  The trial court considered her deposition as evidence.  However, it did not decide if she was present at the board meeting in making its decision.  It relied solely on the undisputed evidence provided by the e-mails.

(*Sullivan*, *supra*, 194 Cal.App.4th at p. 77.)  Actual notice gives the probationary employee that opportunity, and we agree with *Hoschler* and *Sullivan* that, in effect, the receipt of actual notice of nonretention trumps any requirement of personal service. Actual notice fully meets the purpose of the statute.  (*Hoschler*, *supra*, 149 Cal.App.4th at p. 269.)

Accordingly, we find that Grace had actual notice of nonretention before March 15, and the District therefore complied with section 44929.21.[7]

IV

DISPOSITION

The judgment denying a petition for writ of mandate is affirmed.  The District shall recover its costs on appeal.

CERTIFIED FOR PUBLICATION

RICHLI
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.

---

[7]     In view of this conclusion, we do not need to reach Grace's other contentions.