Filed 1/9/26  J.S. v. R.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| J.S.,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>R.P.,<br><br>        Defendant and Appellant. | C103512<br><br>(Super. Ct. No. SDR0039799) |

The trial court granted respondent J.S. a temporary restraining order against appellant R.P.  The trial court later extended the temporary restraining order at a hearing appellant was absent from.  Appellant appeals alleging his due process rights were violated with the extension of the temporary restraining order.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This court detailed in a prior opinion the parties' long legal history starting in 2011 after the birth of their son in 2010.  (*J.S. v. R.P.* (Oct. 18, 2022, C094161, C094555) [nonpub. opn.].)

1

Most recently, respondent filed requests for a temporary domestic violence restraining order against appellant on November 19, 2024, and December 13, 2024. The trial court initially granted both but terminated them after respondent failed to appear for all hearings.

On February 14, 2025, respondent filed another request for a domestic violence restraining order. Respondent stated she was resubmitting the request after termination of the prior order "due to remote appearance error." (Capitalization omitted.) Respondent alleged in the request appellant abused her by "blatantly using the court system" to commit " 'legal bullying' " against her and stated she was "asking for help because [appellant] is using coercive control, intimidation, financial pressure, and emotional pain to ruin [her] life. All because [she] will not hand over custody and control of a child [appellant] barely knows. [Appellant] ignores [c]ourt orders, and just wages war." Respondent also explained she met appellant by working for him in Florida, where he engaged in "pimping and trafficking [her] against [her] will." Respondent fled to California shortly after their child was born and obtained a domestic violence restraining order against appellant in 2011. This order was terminated in 2015 at respondent's request. (See *J.S. v. R.P.*, *supra*, C094161, C094555.)

The trial court issued a temporary restraining order on February 18, 2025, and set a hearing for March 13, 2025.

On March 12, 2025, respondent filed a request to continue the hearing because "[appellant] ha[d] again evaded service by the [s]heriff." A form from the sheriff's department in Orange County, Florida, stated a service of process request was received on February 20, 2025, to serve the notice of the March 13, 2025 hearing to appellant who lives in Florida. An officer attempted to serve appellant five times: March 4, 7, 10, 12, and 13 of 2025. On the March 12, 2025 attempt, the form noted the officer "spoke to [the] subj[ect] who does not want to be served [and] wishes to be left alone. Subj[ect] is refusing/avoiding service."

2

The trial court denied the continuance on the same day of respondent's request. But the next day, March 13, 2025, the court issued an order continuing the hearing by stating the domestic violence restraining order that was "set to expire on [March 13, 2025,] shall continue in effect until [April 9, 2025,] at 11:59 p.m. Restrained person was not present at [the] hearing and notified of orders." (Boldface omitted.)

The parties were engaged in other legal proceedings around the time of this restraining order request. On February 18, 2025, appellant sent a "pre-suit" letter to respondent stating: "Pursuant to Florida Statute [section] 770.01, this letter serves as formal notice that you have published false and defamatory statements against me, [appellant], in legal documents—specifically within the domestic violence restraining orders . . . you filed in 2024 and your attempted filing on February 14, 2025." (Boldface & some capitalization omitted.)

On March 10, 2025, appellant filed a petition for writ of mandate with this court "to stop the Placer County Superior Court from allowing the abusive and improper filing of [d]omestic [v]iolence [r]estraining [o]rders," which cited respondent's February 14, 2025 request for a restraining order. We denied the petition on March 21, 2025.[1]

On March 13, 2025, appellant filed in the trial court a "declaration in support of petitioner waiver of personal service in contempt filed on February 24th and February 26th, 2025." (Boldface & some capitalization omitted.) This declaration stated appellant filed two prior requests for orders to show cause for contempt against respondent. Appellant did not personally serve respondent with these orders but declared respondent acknowledged receipt, making service unnecessary.

Finally, appellant filed a request on February 3, 2025, to "bar repetitive [domestic violence restraining order] filings and declare [respondent] a vexatious litigant."

---

[1]     We take judicial notice on our own motion of the documents filed with this court in appellant's writ of mandate action. (Evid. Code, § 452, subd. (d).)

3

(Capitalization omitted.)  On April 30, 2025, the trial court denied the request.  The order noted respondent's prior restraining order "requests were each dismissed, without prejudice, due to her failure to appear for the initial hearings.  [Respondent] has refiled and appeared, however service has not been completed."

Appellant appeals the March 13, 2025 order extending the temporary domestic violence restraining order.

DISCUSSION

Appellant "seeks reversal of the March 13, 2025 order on grounds of due process violations and judicial error in the issuance and extension of the [domestic violence restraining order]."  Appellant claims he was deprived of due process because the trial court extended the domestic violence restraining order "without confirming lawful service or . . . appellant's presence.  This procedural failure rendered the extension unconstitutional."  We disagree.[2]

Appellant's arguments ignore the statutory provisions governing temporary domestic violence restraining orders.  The trial court granted respondent a temporary domestic violence restraining order ex parte on respondent's declaration alone, which is authorized under Family Code[3] section 6300.  Section 245 addresses the continuance of hearings pertaining to these restraining orders.  (See § 240, subd. (c).)  Under section 245, a court may continue a hearing on a temporary restraining order on its own motion and during this continuance, "any temporary restraining order that has been issued shall remain in effect until the end of the continued hearing."  (§ 245, subd. (c); see *id*., subd. (b).)  Section 245 does not require service on the restrained party as a prerequisite for a continuance and corresponding extension to the temporary restraining order.

---

**2**      Respondent did not file a brief in this case.

**3**      Further undesignated section references are to the Family Code.

4

(*J.M. v. W.T.* (2020) 46 Cal.App.5th 1136, 1140 ["we note that section 245 does not require any such prior service"].)

The trial court's order continuing the temporary restraining order, which also extended the order's effectiveness, without service to appellant did not violate section 245.

Appellant's reliance on section 6345 is misplaced. Section 6345 details the requirements for long-term restraining orders that have a duration of up to five years and are issued "after notice and a hearing." (§ 6345, subd. (a).) But the order at issue was a temporary restraining order that the trial court had to set a hearing for within at most 25 days from issuance. (§ 242, subd. (a).) Section 245 applies to continuances of this hearing, not section 6345. (See *Malinowski v. Martin* (2023) 93 Cal.App.5th 681, 692 [finding § 245 applies, and not § 6345, where a "matter involves a prehearing request to modify a [temporary domestic violence restraining order] pending a continued merits hearing"].)

To the extent appellant contends his due process rights were violated notwithstanding correct application of section 245, we must again disagree. Due process generally requires notice before deprivation of life, liberty, or property. (Cal. Const., art. I, § 7, subd. (a); *Zuniga v. Workers' Comp. Appeals Bd.* (2018) 19 Cal.App.5th 981, 993 [" ' "The core of due process is the right to notice and a meaningful opportunity to be heard" ' "].) But even if due process requires notice for a brief continuance of a hearing for a temporary domestic violence restraining order, which we do not decide here, "a person may not assert the failure of service when delivery was deliberately prevented and where it can be inferred the person was aware of the nature of the correspondence." (*Sullivan v. Centinela Valley Union High School Dist.* (2011) 194 Cal.App.4th 69, 75; see *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387 ["Litigants have the right to choose their abodes; they do not have the right to control who may sue or serve them by denying them physical access"].)

The record establishes appellant had notice of the hearing and intentionally evaded service. Appellant told the Florida law enforcement officer as much, stating he did not want to be served and wanted to be left alone. Appellant also specifically cited respondent's restraining order request filed on February 14, 2025, in his presuit letter to respondent and in his writ petition. Further, appellant filed a declaration with the trial court about excusing the need to serve respondent in light of her actual knowledge *on the same day* the trial court set the hearing appellant now argues was insufficiently noticed. We conclude this evidence at a minimum collectively establishes appellant had actual notice of the March 13, 2025 hearing, resulting in no due process violation. (See *Sullivan v. Centinela Valley Union High School Dist.*, *supra*, 194 Cal.App.4th at p. 76 ["There is substantial evidence that the notice of the decision not to reelect [the plaintiff] was frustrated by [the plaintiff]'s actions to avoid service"].)

Finally, appellant makes several arguments on the merits of granting a long-term restraining order, including alleging respondent has failed to comply with reunification directives. But there is no evidence in the record appellant first presented these factual arguments to the trial court. Instead, the record indicates the trial court issued an ex parte temporary restraining order and has been unable to hold a hearing on the merits of a long-term restraining order because respondent has been unable to serve appellant. Under these circumstances we cannot address appellant's factual arguments on the merits of the restraining order in the first instance. (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 436 ["where a legal argument was not raised in the trial court, we have discretion to consider it when the theory raised for the first time on appeal is a pure question of law applied to undisputed facts"].)

6

DISPOSITION

The order continuing the hearing and extending the temporary restraining order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　ROBIE, J.


We concur:


/s/_____
EARL, P. J.


/s/_____
MESIWALA, J.