[No. B162986. Second Dist., Div. Three. Aug. 31, 2004.]

TOREY CULBERTSON, Plaintiff and Appellant, v.
SAN GABRIEL UNIFIED SCHOOL DISTRICT, Defendants and
Appellants.

**COUNSEL**

Law Office of Lawrence B. Trygstad, Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Appellant.

John F. Kohn, Beverly Tucker, Rosalind D. Wolf, Robert E. Lindquist, Brenda E. Sutton-Wills, Michael D. Hersh and Joseph R. Colton for California Teachers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

Weinberg, Roger & Rosenfeld and Stewart Weinberg for California Federation of Teachers as Amicus Curiae on behalf of Plaintiff and Appellant.

Breon, Shaeffer & Bryant and Keith V. Breon for Defendants and Appellants.

Atkinson, Andelson, Loya, Ruud & Romo and Warren S. Kinsler for Inland Personnel Council as Amicus Curiae on behalf of Defendants and Appellants.

Law Offices of Margaret A. Chidester & Associates, Margaret A. Chidester and Cathie L. Fields for California School Boards Association's Education Legal Alliance as Amicus Curiae on behalf of Defendants and Appellants.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

In this appeal from the denial of a petition for writ of mandate (Code Civ. Proc., § 1085), the issue presented is whether a probationary teacher who

teaches one year under an emergency permit and the following year under a clear credential is entitled to another year of employment if the school district does not give notice of nonreelection prior to March 15 of the teacher's second year of employment pursuant to Education Code section 44929.21, subdivision (b).[1]

We hold that a school district is not required to give a March 15 notice of nonreelection to an employee pursuant to the "notice" paragraph of section 44929.21, subdivision (b), unless that employee is eligible for permanent employment pursuant to the "tenure" paragraph of subdivision (b). The two paragraphs of subdivision (b), are interdependent and must be read to apply to the same classification of teachers, those eligible for permanent status. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

During the 1999–2000 and 2000–2001 school years, defendants and respondents, San Gabriel Unified School District (the District) and the Board of Education (collectively defendants), employed plaintiff and appellant Torey Culbertson (plaintiff) in a teaching position requiring certification qualifications.

During the 1999–2000 school year, pursuant to a one-year employment contract, the District employed plaintiff under an "Emergency Long Term Single Subject Teaching Permit" (hereafter referred to as an emergency permit).

Plaintiff then received a "Professional Clear Single Subject Teaching Credential" (hereafter referred to as a clear credential), valid from June 2000 to July 2005. During the 2000–2001 school year, the District classified plaintiff as a probationary employee.

On May 23, 2001, the District sent plaintiff a written notice of nonreelection of employment for the upcoming school year (2001–2002).

In plaintiff's verified petition for a writ of mandate, plaintiff stated that he had completed two years of service in a teaching position requiring certification qualifications. Based upon these two years of employment, plaintiff asserted that pursuant to section 44929.21, subdivision (b), he had the right to notice of nonreelection of employment by March 15, 2001, for the upcoming school year (2001–2002). Thus, plaintiff asserted that the May 23, 2001

---

[1] Unless otherwise indicated, all unspecified statutory references are to the Education Code. Section 44929.21, subdivision (b), is quoted in the Discussion.

notice of nonreelection was untimely, and defendants were required to reemploy him for the 2001–2002 school year.

The trial court denied plaintiff's petition. The trial court found that the District's May 23, 2001 notice of nonreelection was timely pursuant to section 44929.21, subdivision (b). The trial court concluded that the District had no duty to reemploy plaintiff for the 2001–2002 school year. Plaintiff timely appealed. Defendants timely cross-appealed.[2]

## CONTENTIONS

Plaintiff contends that he was entitled to the March 15 notice of non-reelection in section 44929.21, subdivision (b), because he worked for two years in a "certificated" position. He asserts that because the District did not give him notice, he was automatically reelected for the following school year.

## STANDARD OF REVIEW

"[A] trial court's findings and judgment on a petition for writ of mandate are upheld if supported by substantial evidence. [Citation.] However, the trial court's construction of a statute is purely a question of law and is subject to de novo review on appeal." (*California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369, 375 [119 Cal.Rptr.2d 642] (hereafter *Golden Valley*).)

## DISCUSSION

A. *Neither the Tenure nor Notice Paragraphs of Section 44929.21, Subdivision (b), Apply to Plaintiff.*

1. *Section 44929.21, Subdivision (b).*

The Legislature divided section 44929.21, subdivision (b), into three paragraphs. The first "tenure" paragraph provides: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

---

[2] Because we affirm the judgment, we have no occasion to reach the issues raised by defendants' cross-appeal.

The second "notice" paragraph provides: "The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year." (§ 44929.21, subd. (b).)

Finally, the third paragraph provides: "This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983–84 fiscal year or any fiscal year thereafter." (§ 44929.21, subd. (b).)

The first tenure paragraph applies only to those employees eligible for permanent employment. (§ 44911;[3] *Summerfield v. Windsor Unified School Dist.* (2002) 95 Cal.App.4th 1026, 1028 [116 Cal.Rptr.2d 233].) It is undisputed that plaintiff was not eligible for permanent employment because he was employed during his first year under an emergency permit and during his second year under a clear credential. (*Summerfield,* at p. 1028.)

### 2. *The Tenure and Notice Paragraphs of Section 44929.21, Subdivision (b), Are Interdependent.*

Defendant acknowledges that the tenure paragraph does not apply to him because he was not eligible for permanent employment. However, plaintiff asserts that the notice paragraph applies to him, asserting that the tenure and notice paragraphs of section 44929.21, subdivision (b), can be applied independently. Thus, plaintiff argues that, irrespective of the tenure paragraph, the notice paragraph of subdivision (b) entitled him to notice of nonreelection by no later than March 15, 2001, because he was in his "second complete consecutive school year of employment by the district in a position requiring certification qualifications." Having failed to receive timely notice, plaintiff claims that he should have been "deemed reelected for the next succeeding school year." (§ 44929.21, subd. (b).)

We reject plaintiff's argument. The tenure and notice paragraphs of section 44929.21, subdivision (b), are not separable and must be read together for several reasons. First, nothing in the term "the employee" in the notice

---

[3] Section 44911 provides: "Service by a person under a provisional credential shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district. [¶] This section shall not be applicable to teachers granted a one-year emergency credential under the conditions specified in subdivision (b) of Section 44252 and subdivision (h) of Section 44830."

paragraph indicates that it refers to any other person than the "employee" who is eligible to become a permanent employee pursuant to the tenure paragraph.

Second, the tenure paragraph states that if the employee is employed for two complete consecutive school years in a certificated position, and is reelected for a third year, the employee is deemed to be permanent employee of the school district. However, the tenure paragraph contains no procedure to prevent tenure, that is, to nonreelect a second-year probationary employee eligible for permanent employment. This is because the notice paragraph sets forth the nonreelection procedure, which requires the district to give notice of nonreelection prior to March 15 of the second year of employment.

■ Thus, the tenure and notice paragraphs are interdependent. Plaintiff cannot insist upon notice pursuant to the notice paragraph if he is not eligible for permanent employment pursuant to the tenure paragraph. Stated another way, plaintiff must be eligible for permanent employment under the tenure paragraph before he is entitled to the March 15 notice of nonreelection.

The intent of the Legislature in enacting section 44929.21, subdivision (b), was to provide procedural protections to teachers eligible for permanent employment. (Cf. *Mitchell v. Board of Trustees* (1935) 5 Cal.App.2d 64, 70 [42 P.2d 397].) Our conclusion that the notice paragraph of section 44929.21, subdivision (b), does not apply in this case because plaintiff was not eligible for permanent status furthers this legislative purpose.

In addition, section 44929.21, subdivision (b), is contained in article 2.7, which the Legislature entitled as "Permanent Status." (Stats. 1987, ch. 1452, § 380, p. 5449.) Because the Legislature promulgated this article heading, it is entitled to considerable weight. (*People v. Avanessian* (1999) 76 Cal.App.4th 635, 641–642 [90 Cal.Rptr.2d 367].) This statutory framework indicates a legislative intent that section 44929.21, subdivision (b), including the notice paragraph, was intended to apply only to teachers eligible for permanent employment.

Plaintiff suggests that the foregoing analysis renders section 44911 superfluous. We reject his argument. Our conclusion that plaintiff is not entitled to notice pursuant to section 44929.21, subdivision (b), harmonizes section 44929.21, subdivision (b), with section 44911.

■ Section 44911 bars application of the tenure paragraph of subdivision (b) of section 44929.21 to employees, like plaintiff, who are not eligible for permanent employment. The second, notice paragraph of section 44929.21, subdivision (b), expressly refers to teachers who fall within the provisions of

the first, tenure paragraph. Thus, by implication, section 44911 also bars application of the notice paragraph of subdivision (b) of section 44929.21 to teachers who are not eligible for permanent employment. Therefore, applying section 44929.21, subdivision (b), only to those probationary employees eligible for permanent employment does not render section 44911 nugatory, but instead furthers its legislative purpose.

### 3. The Golden Valley Case Does Not Apply.

Plaintiff asserts that by operation of law, he must be deemed a two-year probationary teacher, albeit with one year of service under an emergency permit and one year of service under a clear credential. (§ 44915.)[4] Plaintiff relies upon the *Golden Valley* case for the proposition that a probationary employee with one year of service under an emergency permit and one year of service under a clear credential is entitled to the same rights as a probationary teacher with two years of service under a clear credential.

*Golden Valley* held that for purposes of applying the midyear dismissal provisions of section 44948.3,[5] a teacher who served under an emergency credential could qualify as a probationary employee. (*Golden Valley, supra,* 98 Cal.App.4th at p. 383.) The *Golden Valley* court, however, did not address the issue presented in this case, whether the second notice paragraph of 44929.21, subdivision (b), applies to a probationary employee not eligible for permanent employment.

We have already concluded that the notice and tenure track provisions of section 44929.21, subdivision (b), are interdependent. We will not adopt different definitions of what constitutes a probationary employee for purposes of the tenure and notice paragraphs set forth in subdivision (b). Under section 44911, because plaintiff was not eligible for permanent employment, section 44929.21, subdivision (b), did not apply, and plaintiff was not entitled to the March 15 notice.

■ In conclusion, the notice paragraph of section 44929.21, subdivision (b), is not independent from the tenure paragraph. Therefore, we hold that the notice paragraph of subdivision (b) of section 44929.21 does not apply to teachers, like plaintiff, who are not eligible for permanent employment.

---

[4] Section 44915 provides: "Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees."

[5] Section 44948.3, subdivision (a), provides in pertinent part: *"First and second year probationary employees* may be dismissed during the school year for unsatisfactory performance . . . ."* (Italics added.)

## DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

Klein, P. J., and Croskey, J., concurred.

The petition of appellant Torey Culbertson for review by the Supreme Court was denied December 1, 2004.