[No. A105993. First Dist., Div. Three. Dec. 29, 2004.]

KATHLEEN SCHNEE, Plaintiff and Appellant, v.
ALAMEDA UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

## COUNSEL

Kathleen Schnee, in pro. per., for Plaintiff and Appellant.

Chapman, Popik & White, Benjamin J. Riley and David Nied for Defendant and Respondent.

Kronick, Moskovitz, Tiedemann & Girard and Robert A. Rundstrom for Education Legal Alliance of the California School Boards Association as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**POLLAK, J.—** ■ This case requires examination of dictum in a footnote of this court's opinion in *Zalac v. Governing Bd. of Ferndale Unified School Dist.* (2002) 98 Cal.App.4th 838 [120 Cal.Rptr.2d 615] (*Zalac*), and demonstrates well the danger of statements in an opinion unnecessary to the disposition of the case then before the court. When a certificated teacher has been employed for several years in a categorically funded position under Education Code[1] section 44909, and is subsequently employed by the school district in a probationary position, does the teacher obtain permanent status upon commencement of the probationary position or only if and when the teacher is retained for the succeeding school year? The trial court construed the provisions of sections 44909 and 44929.21, subdivision (b) to mean the latter, a footnote in *Zalac* to the contrary notwithstanding. Upon consideration of this issue, which was not before the court in *Zalac*, we agree with the conclusion of the trial court.

### Background

The facts underlying Kathleen Schnee's petition for a writ of mandate are undisputed. From August 1994 through the 2001–2002 school year, Schnee was employed by the Alameda Unified School District (the district) as a

---

[1] All statutory references are to the Education Code.

reading specialist, a position that was categorically funded under section 44909. In August 2002, the district hired her as a full-time third grade teacher, a position supported by general funds as part of the district's regular education program, and classified her as a second year probationary employee. On March 12, 2003, the district notified Schnee that she would not be reelected, and terminated her employment at the end of the 2002–2003 school year.

Schnee filed a petition for a writ of mandate, alleging that the district had disregarded sections 44909 and 44929.21, subdivision (b) in classifying her as a probationary employee and that her termination violated rights to which she was entitled as a permanent employee. The trial court concluded that Schnee had been properly classified as a probationary employee, so that the district had the unqualified right to terminate her employment at the end of the school year so long as she was notified of the district's decision by March 15 of that year. Schnee timely appealed from the dismissal of her petition.

## Discussion

■ Section 44929.21, subdivision (b) provides: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district." Since the reading specialist position Schnee held with the district for eight years required certification qualifications (see § 54120 et seq.), as did the third grade teaching position in which she was employed during the succeeding school year, section 44929.21, subdivision (b) read literally would require Schnee to have been classified as a permanent employee "at the commencement" of the 2002–2003 school year. However, literal application of this section is precluded by the need to reconcile its provisions with other sections of the Education Code. Temporary employees, for example, may also be certificated and come within the literal scope of section 44929.21, subdivision (b), but other sections limit and condition the circumstances under which their period of temporary employment may be deemed a year of employment for the purpose of obtaining permanent status. (§§ 44918 to 44920; see *Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 234–240 [142 Cal.Rptr. 749]; cf. § 44911 [provisional credential]; *Culbertson v. San Gabriel Unified School Dist.* (2004) 121 Cal.App.4th 1392, 1397 [18 Cal.Rptr.3d 234].)

 Employment in a categorically funded position governed by section 44909 provides another such limitation. "Although section 44909 does not use the term 'temporary' . . . it does define a circumstance of employment under which a certificated employee's service does not count towards the attainment of permanent status. . . . The section provides that the terms and conditions under which [certificated persons employed in categorically funded projects which are not required by federal or state statutes] are employed shall be as mutually agreed in writing, and that '[s]ervice pursuant to this section shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee' unless two conditions are met. The first condition is that the person have served for at least 75 percent of the regular school days of the district, and the second is that the 'person is subsequently employed as a probationary employee in a position requiring certification qualifications.' " (*Zalac, supra*, 98 Cal.App.4th at pp. 843–844, fn. omitted.) The issue that has arisen in the present case is whether the second condition is satisfied immediately when a certificated individual whose prior employment satisfies the first condition is retained as a probationary employee, so that permanent status is obtained simultaneously with the employee's retention as a probationary employee, or whether the second condition implies that such a person must serve as a probationary employee for a school year before obtaining permanent status.

The issue being considered in *Zalac* in the portion of the opinion in which the disputed footnote appears was whether Zalac had been properly classified as a temporary employee for the school year in which she was terminated. For two years, Zalac had been employed as a certificated teacher under a class size reduction program, which this court concluded was a categorically funded project within the meaning of section 44909. In the following year, the school district dropped out of the program but nonetheless continued to classify Zalac as a temporary employee. We concluded that while her designation as a temporary employee "was accurate for the first two years of her employment, it was not accurate for the third year, since the program had been discontinued at her school, and Zalac was then entitled to be treated as a probationary employee. When she was laid off the following year, she was not being terminated at the expiration of the Class Size Reduction Program, and section 44909 no longer authorized her peremptory release.[12]" (*Zalac, supra*, 98 Cal.App.4th at p. 852.) Footnote 12 went on to explain: "Since Zalac had served for at least 75 percent of the school year during her first two years and should have been treated as a probationary employee during the third year, the two conditions for including her service towards obtaining permanent status that are specified in section 44909 were satisfied. *Under*

*section 44929.21, subdivision (b), Zalac obtained permanent status upon commencement of the third year."* (*Zalac, supra,* at p. 852, fn. 12, italics added.)

■ Initially, we reject Schnee's contention that the italicized sentence in footnote 12, incorporating the "commencement" terminology of section 44929.21, subdivision (b), was a holding in that case. The trial court correctly regarded it as dictum. For the purpose of decision in *Zalac,* once it was determined that Zalac was not properly classified as a temporary employee in her third year, it made no difference whether she was classified as a probationary or permanent employee. While ordinarily a school district may decide not to rehire (or reelect) a probationary employee for a succeeding school year without being required to provide the justification that is required to terminate a permanent employee (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 917 [129 Cal.Rptr.2d 811, 62 P.3d 54]; *Cousins v. Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846 [30 Cal.Rptr.2d 310]), Zalac was entitled to the same procedural protections whether she was a permanent or a probationary employee because she was terminated for a reason specified in section 44955, subdivision (b). "[W]here . . . it is undisputed that termination was prompted by the conditions described in section 44955 (decline in daily attendance, reduction or discontinuance of services, modification of curriculum) then a school district is obliged to provide appropriate notice and right to a hearing as prescribed by section 44949. . . . 'In the event that a permanent *or probationary* employee is not given the notices and a right to a hearing . . . he or she shall be deemed reemployed for the ensuing school year.' (§ 44955, subd. (c).)." (*Cousins v. Weaverville Elementary School Dist., supra,* at p. 1854.) Thus, in *Zalac* it was unnecessary to decide whether the terminated teacher acquired permanent status at the commencement of her probationary employment or subsequently, and the parties never addressed that question.

■ Since Schnee was not terminated for a reason specified in section 44955, or in a manner that was permissible if she became a permanent employee at the commencement of the 2002–2003 school year, we must now decide when permanent status attaches under section 44909. Schnee argues that the statutory provisions unambiguously compel the conclusion that this occurs at the "commencement" of the probationary appointment. While this is the terminology of section 44929.21, subdivision (b), as noted above its language could not be applied literally without disregarding the explicit provisions of other code sections. Indeed, literal interpretation of section 44929.21, subdivision (b) would mean that Schnee acquired permanent status at the commencement of her third year as a certificated reading specialist in

the categorically funded program, a position that not even Schnee asserts. The language of section 44909 is less explicit. The section provides that service in a categorically funded project shall not be included in computing the service necessary for the attainment of permanent status "unless" the person "is subsequently employed as a probationary employee . . . ." (*Ibid.*) The provision does not state that permanent status is obtained as soon as the individual is retained in the probationary position, but merely that none of the service in the categorically funded position may count towards permanent status unless the individual has first been retained as a probationary employee.

■ In the context of the employment scheme established in the Education Code, the requirement that the individual be "subsequently employed" as a probationary employee contemplates that the individual be so employed for a school year. "Permanent or probationary teachers are, under the school laws, employed for a year . . . ." (*Gerritt v. Fullerton U. H. School Dist.* (1938) 24 Cal.App.2d 482, 488 [75 P.2d 627].) "The probationary teacher is employed for the full year." (*Wood v. Los Angeles City School Dist.* (1935) 6 Cal.App.2d 400, 402 [44 P.2d 644].) The school year remains the normal period of employment for probationary employees under the current version of the Education Code. (E.g., §§ 37200, 44840, 44908, 44915, 44929.21.) If Schnee's interpretation of the statute were accepted, on the date on which a teacher who formerly served in a categorically funded program for at least two years first renders paid service in a probationary position (see § 44845), the individual would immediately acquire permanent status. In effect, the individual would never serve as a probationary employee, much less do so for a school year, although section 44909 requires as a condition of receiving credit for service in a categorically funded program that the person be "subsequently employed as a probationary employee."

■ Linguistics aside, this interpretation would be at odds with the purpose behind section 44909. "The intent of former section 13329 [now 44909] was 'to prevent a person from acquiring probationary status solely through teaching in a categorically funded program. This permits the hiring of qualified persons for categorically funded programs of undetermined duration without incurring responsibility to grant tenured status based on such teaching services alone.' " (*Zalac, supra,* 98 Cal.App.4th at p. 845.) The trial court felt that Schnee's reading of the statute would require a school district facing categorical program cuts to either "hire or fire" the teacher, and that "[w]ithout the benefits of a year of classroom evaluation, districts most likely will feel compelled to fire." Whether or not that is so, Schnee's interpretation unquestionably would deprive the school district of the opportunity to evaluate the performance of the individual as a general curriculum teacher,

and would require the district to decide whether to grant tenured status based solely on the individual's performance in the categorically funded program. Schnee argues this is sufficient to permit the district to evaluate the individual's teaching ability, emphasizing that "[a]s a reading specialist [she] performed all of the duties of a classroom teacher and many more." But however qualified Schnee may have shown herself to be as a regular classroom teacher by capably performing as a reading specialist, we are in no position to say that this is necessarily true for service in any categorically funded program. While section 44909 applies only to "persons possessing an appropriate credential as certificated employees," and Schnee is correct that only properly credentialed individuals are eligible for permanent status as a teacher, the mere fact that an individual possesses the qualifications rendering him or her eligible for permanent status does not dispense with the importance of permitting the school district to evaluate the suitability of that person for a permanent position in the district before tenure is secured.

■ Any doubts that one may entertain concerning the interpretation of section 44909 that best conforms with the evident intent of the Legislature—no illuminating legislative history having been brought to our attention—are resolved by reference to those provisions of the Education Code that deal with temporary employees as defined in section 44919. Under section 44920, "[a]ny person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a vacant position requiring certification qualifications, be classified . . . as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status." (See also, e.g., § 44918.) Regardless of the number of years that the employee may have served in a temporary status in a position with certification qualifications, the employee must serve one year as a probationary employee before acquiring permanent status. (See *Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist., supra,* 76 Cal.App.3d at pp. 237–240.) We can perceive no reason for treating persons whose employment is temporary by virtue of section 44909 differently in this respect than temporary employees under section 44919. The Legislature has made unmistakably clear that the latter must serve for a year as a probationary employee before receiving credit for the prior period of temporary employment and acquiring permanent status. Although the language in section 44909 is more opaque, we conclude that the same period of probationary employment is required before permanent status may be obtained.

Therefore, Schnee was properly classified as a second year probationary employee for the 2002–2003 school year, and the district was entitled to terminate her employment at the end of the year "without providing cause or other procedural protections." (*Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 281 [52 Cal.Rptr.2d 115, 914 P.2d 193].)

### Disposition

The judgment is affirmed.

Corrigan, Acting P. J., and Parrilli, J., concurred.