Filed 12/9/24

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JORDAN BILLY,<br><br>    Defendant and Appellant. | A169671<br><br>(Mendocino County<br>Super. Ct. Nos.<br>22CR02889/23CR01265) |

Defendant and appellant Anthony Jordan Billy was convicted of driving under the influence of alcohol (DUI) with three or more DUI offenses in the prior 10 years (Veh. Code, §§ 23152, subd. (b) & 23550, subd. (a)).[1]  Under section 23552, subdivision (a), if a person convicted under section 23550 receives probation, "the court shall impose as [a] condition[] of probation that the person be confined in a county jail for at least 180 days."  The trial court granted Billy probation, imposed a condition that he serve 180 days in county jail, and imposed an additional probation condition that he complete a residential alcohol treatment program.  The court deemed that the residential treatment condition was satisfied by Billy's voluntary pre-sentence stay at a residential rehabilitation program.  It did not credit the

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.

[1] Except where otherwise indicated, all statutory references are to the Vehicle Code.

1

time he spent in that program against his 180-day jail sentence or allow Billy to serve the 180-day jail sentence in a rehabilitation facility.

On appeal, Billy contends: (1) Penal Code section 2900.5 entitled him to presentence custody credits for the time he voluntarily spent in residential alcohol treatment; (2) the trial court erroneously concluded that it lacked authority to order him to serve the mandatory 180-day jail term through an additional stay at a rehabilitation facility; and (3) the minute order must be amended to reflect the court's oral pronouncement that the execution of certain fines was conditionally suspended.

In the published portion of our opinion, we conclude that Billy's first two contentions lack merit. The trial court was required by section 23552 to impose a probation condition that Billy be "confined in a county jail for at least 180 days," without credit for his voluntary pre-plea stay in a residential alcohol treatment facility and without allowing him to serve the mandatory minimum jail term through a stay at a rehabilitation facility imposed as a condition of probation. In the unpublished portion of our opinion, we agree that the minute order does not accurately reflect the court's oral pronouncement regarding the suspension of fines. We will therefore affirm the judgment but direct the court to amend the minute order accordingly.

## I. FACTS AND PROCEDURAL HISTORY

### A. Case No. 22CR02889

In January 2023, Billy entered into a negotiated plea agreement in Mendocino County Superior Court case number 22CR02889. Pursuant to that agreement, he pled no contest to charges that he drove with a blood-alcohol content of 0.08 percent or more (§ 23152, subd. (b)) on both October 3, 2022, and October 16, 2022. He also admitted that he had another DUI

conviction within the previous 10 years (§ 23540). The trial court placed Billy on probation for 60 months.

B. Case No. 23CR01265

In June 2023, the Mendocino County District Attorney filed a petition to revoke Billy's probation in Case No. 22CR02889 and a new felony complaint in Mendocino County Superior Court case number 23CR01265. An Information filed later that month charged Billy with the following crimes committed in June 2023: (1) driving while under the influence of alcohol with three or more DUI convictions within the prior 10 years (§§ 23152, subd. (b) & 23550, subd. (a); count 1); (2) driving with a license suspended due to a prior DUI conviction (§ 14601.2, subd. (a); count 2); and (3) unlawfully operating a vehicle without an interlock ignition device (§ 23247, subd. (e); count 3). The Information alleged that Billy committed count 1 with a blood-alcohol content of 0.15 percent or higher (§ 23578) and, as to count 2, that he previously committed a misdemeanor violation of section 14601.2, subdivision (a).

In June 2023, Billy waived the preliminary hearing. The trial court stated that if he entered into a plea agreement, the court would "very likely impose a minimum of 180 days" but would "authorize that he serve any custodial time in an approved residential treatment program [and receive] credit for every day" of the program if he completed it. In July 2023, Billy voluntarily entered the Tule River Alcoholism Program (TRAP), a residential rehabilitation program.

In August 2023, Billy pled no contest to all three counts and admitted the associated allegations. The trial court accepted his plea and stated that the court had indicated in chambers that if Billy pleaded guilty or no contest, "the court would grant formal probation for five years with a minimum of 180

3

days in jail that could be satisfied by completion [of] a residential treatment program." The court found Billy in violation of probation in Case No. 22CR02889 and set the matter for sentencing.

The probation officer's presentence report recommended that Billy be placed on formal probation for 60 months with the condition that he "serve the mandatory minimum of 180 days in jail with credit for 6 actual days served." The report opined that Billy could *not* serve the jail term in a rehabilitation facility: "Although section 2900.5 of the Penal Code allows defendants to serve their jail commitments in residential treatment, it appears *People v.* [*Municipal Court* (*Hinton*) (1983) 149 Cal.App.3d 951 (*Hinton*)] and *People v. Darnell* (1990) [224 Cal.App.3d 806 (*Darnell*)] are still valid and apply in regard to mandatory minimum jail terms for DUI offenses. These cases . . . state that Section 23206 (renumbered as 23600 in 1998) of the Vehicle Code takes precedence over the more general statute of section 2900.5 of the Penal Code; in that any mandatory minimum jail term must be served in actual confinement (county jail), not residential treatment." (Italics omitted.)

At Billy's sentencing hearing in October 2023, the parties disputed whether Billy was statutorily required to serve a minimum of 180 days in jail or could serve the 180 days in a rehabilitation facility. At a continued sentencing hearing in November 2023, the trial court stated that it no longer believed that Billy could serve his 180-day jail term at a rehabilitation facility. Defense counsel argued that Billy had relied on the court's earlier representations to the contrary in entering his plea, and the court granted Billy's motion to withdraw his plea.

On December 14, 2023, Billy entered into a new agreement in which he again pleaded no contest to all counts and admitted the associated

allegations. The plea agreement provided that he would be placed on probation for five years and ordered to serve 180 days in county jail but, if authorized by the court, the 180 days could be served in a rehabilitation facility. Based on this plea, the court again found Billy in violation of his probation in Case No. 22CR02889.

At Billy's sentencing hearing on January 18, 2024, the trial court recognized that Billy had completed 180 days of "in-house treatment" at TRAP. The court concluded that it had no authority to credit Billy's stay at TRAP against the mandatory 180-day jail term but stated that, if it did have such discretion, it would have given Billy the credits for his "faithful participation in this treatment program and continuing to receive treatment in that program."

The trial court suspended imposition of sentence and granted Billy formal probation for five years on specified terms and conditions, including that he serve 180 days in county jail with credit for six (actual) days of time served. The court postponed Billy's surrender date so he could appeal the ruling that his 180-day jail term could not be served at a rehabilitation facility. The court also ordered Billy to complete a residential alcohol treatment program as a condition of his probation, but it deemed the condition satisfied by Billy's stay at TRAP. In addition, the court imposed but stayed specified fines. Finally, the court ordered Billy to complete an 18-month DUI program. In Case No. 22CR02889, the court terminated Billy's probation and ordered him to serve 30 days in county jail concurrent with the sentence in Case No. 23CR01265. Billy filed a timely appeal.

## II. DISCUSSION

Billy contends: (1) he was entitled to presentence custody credits under Penal Code section 2900.5 for the time he voluntarily spent in residential

5

alcohol treatment; (2) alternatively, he should be allowed to serve the 180-day jail term through an additional stay at a rehabilitation facility; and (3) the minute order does not accurately reflect the trial court's oral pronouncement that the execution of certain fines was suspended.

The first two issues turn on the meaning of section 23552. Applying de novo review, our fundamental task in this regard is to determine the Legislature's intent to effectuate the law's purpose. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' " ' "We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "We look to the entire substance of the statute . . . to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute. . . ." [Citation.]' We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*Ibid.*)

In light of the language of section 23552 and the statutory framework, we conclude that the Legislature meant what it said when it stated in section 23552 that a fourth DUI conviction within 10 years requires at least 180 days in county jail. Accordingly, Billy must serve at least 180 days in county jail, and he is entitled neither to receive credits against that term for his voluntary stay at a rehabilitation facility nor to serve the 180 days in such a facility.

As to the third issue Billy raises, the parties agree that the trial court should amend the minute order to accurately reflect the suspension of specified fines, and we will remand for that purpose.

A.  Section 23550 Offenses Require a Minimum 180 Days in Jail

We begin with a brief review of the statutory scheme and its emphasis on increasing penalties for repeat DUI offenders.  We then consider whether the trial court had discretion to allow Billy to serve his 180-day jail term at a rehabilitation facility and whether Billy was entitled to credits under Penal Code section 2900.5 for his stay at TRAP.  We conclude the court did not err.

1.  The Statutory Scheme

Section 23152 makes it unlawful to drive while under the influence of an alcoholic beverage or with a blood-alcohol content of 0.08 percent or more by weight.  A first offense may result in 96 hours to six months in county jail, up to $1,000 in fines, and a license suspension.  (§ 23536.)  If the person receives probation, the court "may" impose a county jail term of 48 hours to six months and shall require completion of a qualifying three-month DUI program as a condition of probation.  (§ 23538.)

Repeat DUI offenders incur increasingly harsher consequences.  A second DUI within 10 years calls for 90 days to 12 months in jail, fines up to $1,000, and a license suspension.  (§ 23540; see also § 23550.5 [imposing prison or jail time if the prior section 23152 conviction was a felony].)  If probation is granted, the trial court "shall" impose county jail time of at least 96 hours or, in the court's discretion, 10 days up to a year, along with an 18-month or 30-month DUI program.  (§ 23542.)  A DUI with two priors within 10 years calls for jail time of 120 days to a year, fines up to $1,000, and a license revocation.  (§ 23546.)  If probation is granted, the court must impose jail time of at least 120 days and require the completion of an 18-month or 30-month DUI program, which cannot be used to reduce any other requirement of probation.  (§ 23548.)

7

The incarceration period for those who, like Billy, are convicted under section 23152 within 10 years of *three* or more separate DUI violations is addressed in section 23550. As a misdemeanor, the conviction is punishable by 180 days to one year in jail. As a felony, it is punishable by a term of 16 months, two years, or three years in state prison. (§ 23550, subd. (a).)[2]

A trial court may grant probation to persons convicted under section 23550 subject to the limitations of section 23552. Subdivision (a)(1) of section 23552 provides: "If the court grants probation to a person punished under Section 23550, *in addition to the provisions of Section 23600* and any other terms and conditions imposed by the court, the court shall impose as conditions of probation that the person be confined in a county jail for at least 180 days but not more than one year and pay a fine of at least three hundred ninety dollars ($390) but not more than one thousand dollars ($1,000)." (Italics added.) The reference to section 23600 is significant. Among other things, section 23600 prohibits the court from staying or suspending pronouncement of sentence, requires a probation period of three to five years, and decrees that the court "shall not absolve a person who is convicted of a violation of Section 23152 . . . from the obligation of spending the minimum

---

[2] Section 23550, subdivision (a), provides: "If a person is convicted of a violation of Section 23152 and the offense occurred within 10 years of three or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination thereof, that resulted in convictions, that person shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code, or in a county jail for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000). The person's privilege to operate a motor vehicle shall be revoked by the Department of Motor Vehicles pursuant to paragraph (7) of subdivision (a) of Section 13352. The court shall require the person to surrender the driver's license to the court in accordance with Section 13550."

8

time in confinement, if any, or of paying the minimum fine imposed by law." (§ 23600, subd. (c).)

Other parts of section 23552 spell out a DUI program "licensed pursuant to Section 11836 of the Health and Safety Code" to be imposed as a further condition of probation for four-time offenders convicted under section 23550.  Under section 23552, subdivision (b), upon good cause shown, the trial court may order as a condition of probation that the person participate in a qualifying DUI program for at least 30 months.  If so, "[i]n lieu of the [180-day] minimum term of imprisonment in [section 23552,] subdivision (a), the court shall impose as a condition of probation under this subdivision that the person be confined in the county jail for at least 30 days but not more than one year. . . . No condition of probation required pursuant to this subdivision is a basis for reducing any other probation requirement in this section or Section 23600 or for avoiding the mandatory license revocation provisions of paragraph (7) of subdivision (a) of Section 13352."  (§ 23552, subd. (b).)  Under subdivision (c) of section 23552, unless the person is ordered to do a program under subdivision (b) and with certain other exceptions, the court "shall" impose as a condition of probation that the person participate in a qualifying DUI program for at least 18 months.  "A condition of probation required pursuant to this subdivision is not a basis for reducing any other probation requirement in this section or Section 23600 or for avoiding the mandatory license revocation provisions of paragraph (7) of subdivision (a) of Section 13352."  (§ 23552, subd. (c).)

In short, section 23552 is part of a comprehensive statutory framework that imposes increasing minimum jail time for repeat offenders, in addition to their participation in a DUI program imposed as a condition of probation. Section 23552 does not provide for any reduction in the mandatory 180-day

9

minimum sentence except where the trial court has imposed a DUI program of at least 30 months pursuant to section 23552, subdivision (b). With this framework in mind, we proceed to the parties' contentions.

2. Section 23552 Requires 180 Days in Jail

The plain language of section 23552 compels the conclusion that four-time DUI offenders convicted under section 23550 and granted probation must serve at least 180 days in county jail. Section 23552 states that the trial court "*shall* impose as conditions of probation that the person be confined *in a county jail* for at least 180 days," "*in addition to the provisions of Section 23600* and *any other terms and conditions imposed by the court*." (§ 23552, subd. (a)(1), italics added.) The term "shall" is mandatory. (*Hinton, supra*, 149 Cal.App.3d at p. 954.) In imposing this probation condition pursuant to section 23600, the court "shall not absolve [the offender] . . . from the obligation of spending the minimum time in confinement" (§ 23600, subd. (c)), which is specified in section 23550 to be confinement "in a county jail" (§ 23552, subd. (a)(1)). Furthermore, section 23552 requires that the 180-day jail term be ordered "in addition to . . . any other terms and conditions imposed by the court," indicating that the 180-day jail term must be served notwithstanding any time to be spent in any rehabilitation facility imposed as a probation condition. Indeed, section 23552 does not allow for any reduction in the 180-day jail term unless the court has ordered a 30-month qualifying DUI program, which did not occur here. (§ 23552, subds. (b), (c).)

Instructive on this point is *Hinton, supra*, 149 Cal.App.3d 951, which addressed former statutes akin to sections 23552 and 23600. In *Hinton*, the defendant pleaded guilty to a misdemeanor DUI violation and admitted two prior DUI convictions within the preceding five years. (*Hinton*, at p. 953.) At the time, former section 23171, subdivision (a), provided: " 'If the court

grants probation to any person punished [for a third violation of certain Vehicle Code offenses within five years], in addition to the provisions of [former] Section 23206 and any other terms and conditions imposed by the court, the court shall impose as conditions of probation that the person be confined in the county jail for at least 120 days but not more than one year. . . .' " (*Id.* at p. 954, italics omitted.)  The trial court suspended imposition of sentence and placed the defendant on probation on the condition that he serve 120 days in county jail but told the defendant that upon his completion of 120 days "in an alcohol rehabilitation facility," he would receive credit for that time against the 120-day jail term.  (*Id.* at p. 953.)  The prosecution sought review by a petition for a writ of mandate. (*Ibid.*)

The court of appeal issued the writ and directed the trial court to vacate the sentence.  (*Hinton, supra,* 149 Cal.App.3d at p. 957.)  The court of appeal observed that the word "shall" in former section 23171 "mean[t] 'must' and is inconsistent with the concept of discretion."  (*Hinton*, at p. 954.) Furthermore, former section 23206, subdivision (c), stated that the trial court " 'shall not absolve a person who is convicted of [a DUI] from the obligation of spending the minimum time in confinement."  (*Hinton*, at p. 954*.)*  Given the language of the two statutes, *Hinton* held that former "section 23171, subdivision (a), requires incarceration in county jail as a condition of probation for such third time offenders," and the jail requirement was "not satisfied by placement in an alcohol rehabilitation facility."  (*Hinton*, at p. 953.)

After *Hinton* was decided, the Legislature amended former section 23171 multiple times without altering the language construed in *Hinton*. (See, e.g., Stats. 1997, ch. 493, § 2, p. 3098; Stats. 1993, ch. 1244, § 21,

11

p. 7217; Stats. 1991, ch. 990, § 2, p. 4611; Stats. 1988, ch. 1419, § 7, p. 4830; Stats. 1987, ch. 1041, § 7, p. 3526.) And in 1998, Senate Bill No. 1186 (1997–1998 Reg. Sess.) repealed sections 23171 and 23206 (and other sections) and replaced them with sections 23552 and 23600, effective July 1, 1999. (Stats. 1998, ch. 118, §§ 40, 64, 84, pp. 770, 772–814.) Like former section 23171, section 23552 states that a court "shall" order a repeat DUI offender to serve a minimum number of days in jail. Like subdivision (c) of former section 23206, section 23600, subdivision (c) forbids a court from absolving a defendant "from the obligation of spending the minimum time in confinement." Because the Legislature enacted sections 23552 and 23600 using the same relevant language found in former sections 23171 and 23206, we presume that the Legislature intended to adopt *Hinton*'s construction of that language. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 352 [" ' "Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction" ' "].) The trial court was therefore obligated to impose as a condition of Billy's probation that he be confined in a county jail for at least 180 days, and it could not allow Billy to serve the 180 days in a residential treatment facility. (§ 23552, subd. (a)(1).)

Billy's arguments to the contrary are not persuasive. He refers us to a different statute, section 23580, and notes that subdivision (c) of that statute defines " 'imprisonment' " to include not just jail but "an inpatient rehabilitation facility." From this, he urges that the jail time mandated by section 23552 does not have to be spent in jail after all. In fact, he argues that "[s]ubdivision (c) of section 23580 represents an express statement by

the Legislature that defendants may serve mandatory confinement periods in approved residential treatment facilities."

Although respondent fails to respond to Billy's argument, we find it unconvincing. To understand subdivision (c) of section 23580, we must first look at subdivision (a). (See *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 978–979 [harmonizing different subdivisions within a statute].) That subdivision provides that for any person convicted of a second or subsequent DUI offense, "the court shall require that any term of imprisonment that is imposed include at least one period of not less than 48 consecutive hours of imprisonment or . . . not less than 10 days of community service." Subdivision (c) then states: "For the purposes of this section, 'imprisonment' means confinement in a jail, in a minimum security facility, or in an inpatient rehabilitation facility, as provided in Part 1309 (commencing with Section 1309.1) of Title 23 of the Code of Federal Regulations."

Section 23580, subdivision (c), has no bearing on Billy's appeal. First, the subdivision specifically states that its definition of imprisonment applies only "[f]or the purposes of this section." And section 23580 pertains to sentences that are imposed, but not to jail time imposed as a *condition of probation*, the issue here. Second, contrary to Billy's characterization, subdivision (c) does not equate imprisonment with confinement in *any* inpatient rehabilitation facility; it only permits confinement in "an inpatient rehabilitation facility, *as provided in Part 1309 (commencing with Section 1309.1) of Title 23 of the Code of Federal Regulations*." (Italics added.) Despite the trial court raising the issue, Billy did not establish then—and has not established now—that TRAP was this type of facility or that such a facility was available to Billy at the time of sentencing. To the contrary, at the final sentencing hearing, defense counsel indicated that Billy sought to

13

continue at TRAP and then reside at a transitional facility. Because subdivision (c) of section 23580 refers only to a specific type of inpatient rehabilitation facility, a stay at any other inpatient rehabilitation facility does *not* constitute "imprisonment" under that statute. (See *People v. Superior Court* (*Hubbard*) (1991) 230 Cal.App.3d 287, 294 [a defendant "may not be permitted to serve his mandatory minimum jail sentence in an alcohol rehabilitation facility" even though the sentence could be served on electronic home detention pursuant to Penal Code section 1203.016 with approval of the probation department].)[3]

Billy next refers us to Penal Code section 2900.5, subdivision (f), which provides: "If a defendant serves time in a camp, work furlough facility, halfway house, rehabilitation facility, hospital, juvenile detention facility, similar residential facility, or home detention program pursuant to [Penal Code] Section 1203.016 [home detention program], 1203.017 [involuntary home detention], or 1203.018 [electronic monitoring], in lieu of imprisonment in a county jail, the time spent in these facilities or programs shall qualify as mandatory jail time." That subdivision, however, is also inapplicable. First, it applies only to time served in certain facilities "in lieu of imprisonment in

---

[3] Because section 23580 does not apply here, we need not speculate how it might be applied in other situations. The point here is that section 23580 does not say that the 180 days in county jail required by section 23552 may be served at an inpatient rehabilitation facility and no such inference has been recognized. To the contrary, section 23580 appears in the statutory article entitled "*Additional* Penalties and Sanctions." (Italics added; see Stats. 1998, ch. 118, § 84, p. 792; *Culbertson v. San Gabriel Unified School Dist.* (2004) 121 Cal.App.4th 1392, 1398 ["Because the Legislature promulgated this article heading, it is entitled to considerable weight"].) The most obvious purpose of section 23580 is to require imprisonment for at least 48 *consecutive* hours unless the person performs at least 10 days of community service.

county jail." (Pen. Code, § 2900.5, subd. (f).) Billy stayed at TRAP voluntarily and not as a condition of pre-trial release or otherwise in lieu of county jail. Second, Penal Code section 2900.5 addresses whether a defendant receives credit for past custodial time, not to the type of facility the trial court can choose for the current sentence. (*Hinton, supra*, 149 Cal.App.3d at pp. 955–956 [whether presentence credits are authorized under Penal Code section 2900.5 is irrelevant to whether defendant must serve mandatory jail time in jail].) More specifically, subdivision (f) of Penal Code section 2900.5 merely recognizes that time spent in the enumerated facilities instead of jail may be credited against the mandatory jail component of the sentence that is imposed for a new conviction. It does not authorize courts to decide that mandatory jail time can be *served* in alternative facilities in contravention of the language and intent of the sentencing statute.

Lastly, Billy argues that multiple DUI offenders need substance abuse treatment, so trial courts should be able to let those offenders serve their mandatory time in residential treatment programs. But repeat DUI offenders are already required, *in addition to* serving the 180-day jail time, to participate in DUI programs addressing alcohol use. To the extent it might be advantageous to change the law so courts may encourage defendants to enter alcohol treatment facilities before sentencing by giving them credits for their voluntary stays in those facilities, we must leave that to the Legislature to decide.

### 3. Penal Code Section 2900.5 Custody Credits

Billy contends that he was entitled to presentence custody credits under Penal Code section 2900.5 for the time he voluntarily spent at TRAP. We disagree.

15

Penal Code section 2900.5, subdivision (a), provides that persons convicted of a crime are entitled to credit against their term of imprisonment for any time they spend in custody before sentencing: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been *in custody*, including but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to [Penal Code] Section 4019, and days served in home detention pursuant to [Penal Code] Section 1203.016 or 1203.018, shall be credited upon his or her term of imprisonment." (Italics added.)

To receive credits under Penal Code section 2900.5, subdivision (a), the defendant must have been "in custody," and the custody must have been attributable to the proceedings involving the conduct for which the defendant was convicted. (*People v. Davis* (2023) 87 Cal.App.5th 771, 777 (*Davis*).) Relevant here is whether Billy's TRAP stay constituted "custody." The parties raise the additional issue of whether Penal Code section 2900.5 can be applied to reduce the mandatory period of confinement under section 23552. Billy falls short on both issues.

### a. In Custody

Penal Code section 2900.5, subdivision (a) applies whenever a defendant has been "*in custody*, including . . . *any time spent in a . . . rehabilitation facility . . . .*" (Italics added.) Respondent does not dispute that TRAP is the type of facility contemplated in Penal Code section 2900.5, subdivision (a). (See *Darnell*, *supra*, 224 Cal.App.3d at pp. 808–809

16

[substantial evidence that alcohol rehabilitation facility was custodial for purposes of Penal Code section 2900.5].)

It is well established, however, that a defendant's *voluntary* stay at a rehabilitation facility does not qualify for custody credits under Penal Code section 2900.5. (E.g., *Davis, supra*, 87 Cal.App.5th at pp. 777–778 [self-admitted stay in residential drug treatment program did not qualify for custody credits under Penal Code section 2900.5, noting "all published authority is to the contrary"]; *People v. Pottorff* (1996) 47 Cal.App.4th 1709, 1717, fn. 9, 1719 [stay must be served pursuant to a court order]; *People v. Tafoya* (1987) 194 Cal.App.3d Supp. 1, 4–5 [voluntary stay in substance abuse program did not qualify for Penal Code section 2900.5 custody credits].)

Although Billy chose to stay at TRAP on his own volition, he argues that the fact the trial court later ordered his participation in a residential alcohol treatment program as a condition of probation and deemed the condition satisfied by his stay at TRAP transformed his out-of-custody stay into a custodial one. (See Pen. Code, § 2900.5, subd. (a) [pertaining to "days of custody of the defendant, including days served as a condition of probation in compliance with a court order"].) We are not persuaded. The fact that the court later deemed the TRAP stay to satisfy a newly-imposed probation condition does not change the nature of the stay while Billy was at the facility. Moreover, in the context of section 23552, it would make little sense to conclude that a voluntary stay at a rehabilitation facility could both satisfy a later probation condition requiring rehabilitative treatment *and* count as a credit against the minimum jail term mandated by the statute. Because Billy's stay at TRAP was not custodial for purposes of Penal Code section 2900.5, the court did not err in denying him custody credits for that stay.

17

### b. *Penal Code Section 2900.5 Does Not Authorize Credits for Billy's Stay at TRAP*

Even if Billy's stay was custodial for purposes of Penal Code section 2900.5, he was not entitled to custody credits against the 180-day mandatory jail term of section 23552.

Although custody credits were not at issue in *Hinton*, the court of appeal in *Hinton* observed that the statutory scheme for DUIs rendered Penal Code section 2900.5 irrelevant with respect to credits for rehabilitative stays. (*Hinton, supra,* 149 Cal.App.3d at pp. 955–956.) As *Hinton* explained, DUI proceedings cannot be postponed to allow for rehabilitative treatment before conviction, and, after conviction, the statutory language mandating jail time as a condition of probation prevailed. (*Ibid.* ["That [DUI statutory] scheme effectively precludes the accrual of credit for time spent in a rehabilitation facility prior to conviction and directly bars such placement after conviction."].)

Dictum or not, the point in *Hinton* is well-taken. What *Hinton* held—that the required 180 days must be served in county jail and cannot be served in a rehabilitation facility—logically leads to the conclusion that the 180 days of jail time cannot be reduced by days spent in a rehabilitation facility. Billy fails to explain why he should receive custody credits for voluntarily staying at a rehabilitation facility when his mandatory jail time cannot be served in a rehabilitation facility.

Furthermore, to the extent the specific provisions of section 23552 are inconsistent with the more general provisions of Penal Code section 2900.5, section 23552 controls. (*People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1577.) A statute is general when its subject matter encompasses hundreds of situations, while a statute is specific if its subject matter applies to a specific class of crimes or a single type of conduct. (*Id.* at pp. 1577–1578.) Penal

18

Code section 2900.5 is a general statute encompassing a broad array of crimes and contexts, while section 23552 applies only to cases in which a defendant is sentenced to probation for violating section 23152 after three or more such offenses within the prior 10 years. Because of its narrow scope and mandatory language, section 23552 controls over the general language of Penal Code section 2900.5.[4] (*Weatherill*, at p. 1578 [statute pertaining to DUI diversion controls over statute pertaining to diversion generally].)

Billy's reliance on *Darnell, supra,* 224 Cal.App.3d 806, is misplaced. There, the defendant was charged with driving under the influence of alcohol with three similar prior convictions. (*Id.* at p. 808.) He was released on his own recognizance on the condition that he reside in an alcohol rehabilitation facility. (*Ibid.*) The defendant remained in the facility for several months until he pleaded no contest to the charges. (*Ibid.*) The trial court sentenced him to 180 days in county jail but refused to award credits against his sentence for the days spent in the rehabilitation facility based on *Hinton*. (*Id.* at pp. 808–809.)

The court of appeal in *Darnell* reversed. It recognized that former section 23202 (now section 23640) and former section 23206 (now section 23600) prohibited stays or suspension of DUI proceedings before or after conviction to divert a defendant into a treatment program. It also recognized that former section 23206 (like section 23600) prohibited the trial court from absolving the defendant of serving the statutorily-mandated minimum time

---

[4] Our holding is that custody credits for stays in a rehabilitation facility cannot be applied under Penal Code section 2900.5 to the 180-day mandatory minimum jail time specified in section 23552. We leave open the question of whether section 23552 and Penal Code section 2900.5 may be harmonized to allow a defendant to receive custody credits except to the extent it would reduce confinement in county jail to less than the 180-day mandatory minimum.

in confinement. (*Darnell*, *supra*, 224 Cal.App.3d at p. 810.) Those statutes were not implicated, however, because there was no delay of proceedings to allow for a treatment program. Instead, there was merely a "changing of custody from the county jail to another custodial setting while proceedings [were] pending." (*Ibid*.) Furthermore, the court of appeal asserted that the defendant would not escape his minimum time in confinement even if he received the credits. (*Id*. at p. 811.) It therefore concluded that the defendant was entitled to credit for his time spent in presentence confinement, dismissing *Hinton*'s analysis of Penal Code section 2900.5 as dicta. (*Darnell*, at pp. 810–812.)

*Darnell* is distinguishable on its facts. *Darnell* dealt with an imposed sentence; this case, like *Hinton*, involves a suspended sentence and a mandatory jail term imposed as a condition of probation. Furthermore, *Darnell* addressed the defendant's stay in an alcohol rehabilitation facility *ordered as a condition of release on his own recognizance*. By contrast, Billy's stay at a residential rehabilitation facility was voluntary—and not the result of a court order and not served in lieu of jail time.[5]

Despite this, Billy points out that Penal Code section 2900.5 credits have been awarded for time served in rehabilitation facilities even where a jail term was characterized as mandatory. But none of those cases involved facts similar to this case.

For example, in *People v. Davenport* (2007) 148 Cal.App.4th 240 (*Davenport*), the defendant had been granted probation for violating Health

---

[5] *Darnell* also admonished that its holding was "predicated upon the unusual posture of [the] case" and questioned whether a misdemeanor proceeding would normally move so slowly "between arraignment and sentencing without the court's staying or suspending proceedings." (*Darnell*, *supra*, 224 Cal.App.3d at pp. 811–812.)

and Safety Code section 11350 on the condition he complete a drug treatment program pursuant to Proposition 36 (Pen. Code, § 1210 et seq.). His probation was later revoked, and the trial court imposed a two-year prison term. The court, however, refused to credit him with the 88 days he spent in residential drug treatment. (*Davenport,* at p. 243.) The court reasoned that a stay in the Proposition 36 program was not served in lieu of jail time as required by Penal Code section 2900.5, subdivision (f). (*Davenport*, at p. 244.) The court of appeal reversed, holding that Penal Code section 2900.5, subdivision (f) does not preclude custody credits for time spent in a residential rehabilitation program merely because it was a condition of probation under Proposition 36. (*Davenport*, at pp. 245–246.) In doing so, the court simply recognized that drug treatment under Proposition 36 is intended to be a "*substitute . . .* for jail sentences." (*People v. Espinoza* (2003) 107 Cal.App.4th 1069, 1074.) Thus, "[Penal Code] [s]ection 2900.5, subdivision (f) clarifies that a defendant who spends time in a rehabilitation facility in lieu of mandatory imprisonment in a county jail is entitled to custody credit against the mandatory term." (*Davenport,* at p. 246.) *Davenport*, like *Darnell*, is inapposite: Billy's residential rehabilitation program was not served in lieu of jail time.

In *People v. Sylvestry* (1980) 112 Cal.App.3d Supp. 1 (*Sylvestry*), the defendant was released on her own recognizance on the condition that she enter a custodial drug treatment program. (*Id*. at p. Supp. 4.) She eventually pled no contest to violating Health and Safety Code section 11550, which required that she serve 90 days in jail outright or as a condition of probation. (*Sylvestry*, at pp. Supp. 3, 5.) The court sentenced the defendant to 180 days in jail, suspended execution of the sentence, and placed the defendant on probation for 24 months on the condition that she serve 90 days in jail. (*Id*.

21

at p. Supp. 5.) She was given credit for presentence time (and conduct credit) based on her stay at the treatment program. (*Ibid.*) The People appealed the award of custody credits, and the court of appeal affirmed. The court found no conflict between Penal Code section 2900.5 and Health and Safety Code section 11550, deeming that the word "jail" in Health and Safety Code section 11550 did not mean jail but, instead, meant all the facilities listed in Penal Code section 2900.5, including a "rehabilitation facility." (*Sylvestry*, at p. Supp. 8.) It further observed that Health and Safety Code section 11550 did not specifically prohibit using these "equivalents" of jail in Penal Code section 2900.5, and that Penal Code section 2900.5 did not make an exception for mandatory jail statutes. (*Sylvestry*, at pp. Supp. 8–9.)

*Sylvestry* is distinguishable, because it involved a defendant's participation in a custodial rehabilitation program imposed as a condition of obtaining release, rather than a treatment program that the defendant voluntarily entered. Further, *Sylvestry* did not involve a DUI statute, let alone section 23552.

Because Billy's time at TRAP was not served in lieu of jail time, and because jail time ordered for a four-time DUI offender cannot be served at a rehabilitation facility, Billy was not entitled to custody credits for his stay at TRAP. Billy fails to establish error.

B. The Minute Order Should Be Amended

On the record, the trial court orally suspended execution of the fines enumerated in probation conditions 37A and 37B "with the understanding that [Billy] would have to wear [an electronic] ankle bracelet for one year upon his release from custody." The court's minute order, however, provides that a fine of $2,622.60 was imposed under term 37A and a fine of $2,581 was imposed under term 37B, without indicating that the court suspended

22

execution of those fines.  Billy and respondent agree that the minute order does not accurately reflect the court's oral pronouncement and must be amended.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  Clerical errors in a trial court's minute orders may be corrected at any time to reflect the court's oral pronouncement, and this court has the authority to order such corrections.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–187.)  We will direct the court to issue an amended minute order indicating that the court suspended execution of the fines imposed under probation terms 37A and 37B.

### III.  DISPOSITION

The matter is remanded for the trial court to issue an amended order indicating that the execution of the fines imposed under probation terms 37A and 37B was suspended.  The judgment is affirmed in all other respects.

CHOU, J.


We concur.


SIMONS, Acting P. J.


BURNS, J.


(A169671 – *People v. Billy*)

23

Trial Court: Superior Court of California, County of Mendocino

Trial Judge: Hon. Keith Faulder

Counsel: Lindsey M. Ball, under appointment by the First District Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Clarissa Limón, Deputy Attorney General, for Plaintiff and Respondent.